FINNEY *v.* STATE.

Opinion delivered November 15, 1926.

1. HIGHWAYS—DEDICATION.—A public road can be established, not only by an order of the county court, but also by dedication on the part of an owner of the land and the assent thereto and use thereof by the public.

2. HIGHWAYS—OBSTRUCTION.—One who purchases land over which a public road has been dedicated by former owners by bill of assurance on file will be held to have notice thereof and to be liable for obstructing same.

Appeal from Pulaski Circuit Court, First Division; *Abner McGehee,* Judge; affirmed.

*W. R. F. Paine,* for appellant.

*H. W. Applegate,* Attorney General, and *J. S. Abercrombie,* Assistant, for appellee.

WOOD, J. On April 30, 1925, the owners of the land over which the Batesville cut-off road was built executed a bill of assurance and dedication, with a plat annexed thereto, dedicating to the public for a public road a right-of-way fifty feet wide. This dedication and assurance

was filed by the owners in the office of the recorder of Pulaski County, Arkansas. Thereafter the landowners, during the months of May, June and July, 1925, cleared, grubbed and graded the right-of-way and built concrete tile culverts, permanent bridges with stone and concrete head-walls, on the location as shown by the bill of assurance and plat. The landowners opened up the road to the public travel on August 1, 1925. The road was constantly used by the public as a highway. On May 10, 1926, Harry Cooper purchased a portion of the land over which the highway runs, and, under his direction, P. E. Finney inclosed this land with a wire fence, and, by so doing, obstructed the public travel over the land that had been dedicated to the public by previous owners for a highway. The Batesville cut-off road shortens the length of the old road from a point where it reaches the old road at the east end of Little Rock one and three-fourths miles. It also lessens the maximum grade of the old road, traveling toward Little Rock, from seventeen per cent. to six per cent. That is, the maximum grade on the old road, traveling toward Little Rock, was seventeen per cent. whereas the grade on the cut-off road toward Little Rock is only six per cent. ·

P. E. Finney was convicted by judgment of the circuit court of Pulaski County on the above facts of the crime of obstructing a public highway, from which judgment he prosecutes this appeal.

The only question for decision is whether or not the road obstructed by the appellant was a highway.

In *Patton* v. *State*, 50 Ark. 53-57, 6 S. W. 227, we said: "It is not absolutely necessary to establish a public highway that its boundary lines be surveyed and that it be opened and appropriated to public use under an order of the county court. It can be established by a dedication on the part of the owner of the soil over which it runs and the assent thereto and use thereof by the public." Act No. 666 of the General Acts of 1923, p. 568, provides as follows: Section 5. Any street or road heretofore dedicated to the public as a public thoroughfare is hereby

declared a public road, and any street or road that may hereafter be dedicated to the public as a public road shall become a public road on being dedicated to the public as a public road, when the bill of assurance making such dedication is properly recorded."

Thus it will be seen that the principle announced by the court in *Patton* v. *State, supra,* in 1887, was enacted into statutory law by the above act. Harry Cooper purchased the land over which the highway had been dedicated by its former owners under the above statute. He therefore purchased with notice of such dedication, and had no authority to direct the appellant to obstruct the highway, and appellant, by so doing, violated the provision of § 2754 of C. & M. Digest, which makes it a misdemeanor for any person to "obstruct any public road by felling any tree or trees across the same, or placing any other obstruction therein."

The judgment is therefore correct, and it is affirmed.