GREAT AMERICAN CASUALTY COMPANY v. WILLIAMS.

Opinion delivered April 23, 1928.

*Trimble & Trimble,* for appellant.

*Chas. A. Walls,* for appellee.

KIRBY, J. This appeal is prosecuted from a judgment of recovery of benefits or indemnities under an accident insurance policy. The policy provides indemnity for accidental injury to insured "while actively engaged in farming, by actual contact with and while operating a threshing, mowing, reaping or binding machine, harrow or plow."

Appellee was operating a binding machine, harvesting rice; was down under it, making some adjustments or repairs, when a sledgehammer in the seat fell off and struck his foot, so injuring it that he was taken to the hospital, where his toe was amputated, and loss of 15 weeks' time from total disability on account of the injury resulted.

The policy is written in sections or divisions, and contains many separate provisions, in one of which it is expressly provided: "No recovery may be had under more than one of the provisions hereof, and in no event shall the company be liable for more than one of the specific losses named herein."

Appellee alleged the right to recover on one of the provisions for the weekly indemnity of $25 for total loss of time during 15 weeks, under another provision for payment of certain weekly indemnity for time spent in the hospital on account of the accident, not to exceed 4 weeks, and for $10 damages for the specific loss of his toe.

Appellant filed general and special demurrers to each clause of the complaint alleging the right to recovery, all of which were overruled. Denied any liability for the injury at all, and alleged that claiming the payment of the specific loss or indemnity in any one provision of the policy precluded a recovery on every other provision thereof.

Appellant requested an instruction for a directed verdict, which was refused, and the court found in favor of the appellee for $10 for loss of large toe, $25 per week for 15 consecutive weeks for lost time for total disablement, $375, and $25 per week for three consecutive weeks and a fractional part of a week during which appellee was confined in the hospital, $82.14, and from the judgment rendered in the aggregate of $467.14 this appeal is prosecuted.

Appellant insists, first, that the accidental injury was not covered by the terms of the policy, claiming that the injury was not shown to have resulted from actual contact with the binding machine while operating it.

The repairing or readjustment of the machine was necessarily done as a part of its operation, and the accidental injury resulting from the falling of the sledgehammer out of the seat on the binder, where it was carried for use in repairing the machine, on the foot of appellee, while he was so engaged, was necessarily caused by actual contact with and while operating the binding machine, notwithstanding it resulted from the falling of the hammer carried for making such repairs, which was no part of such machine.

It is further insisted that, under the express terms of the policy, appellant was not entitled to recover under more than one of its provisions, and especially that he could not recover indemnity for the time spent in the hospital for treatment of the injury and amputation of his toe, since, in the clause of the policy making provision for payment of hospital benefits, it is expressly provided: "Where such confinement results from injury caused by any accident in or out of business for which no other indemnity is provided by the policy," etc. We think this contention must be sustained, since provision in the policy is made for payment of a weekly indemnity for loss of time for total disablement caused by accidental injury, and also for the specific loss of the toe resulting therefrom, and the court erred in holding otherwise.

In the policy it is expressly stated, under the heading "Important," that it is a limited accident and sickness policy, paying indemnity for loss of life, limb, sight, or time, by accidental means, etc. It expressly provides that appellee is insured for the term of one year, subject to the provisions and limitations herein contained, against "the effects of bodily injuries caused directly, solely, and independently of all other causes, by external, violent, and accidental means," etc.

Under part 3 of the policy a provision is made for payment of a weekly indemnity of $25 for total disablement of the insured for not exceeding 15 consecutive weeks on account of any one accident, and under part 4 for specific losses for fracture of bone of the toe $10, and also, if the insured shall have more than one fracture of those designated, he must elect which one he prefers payment for, since the company is only bound to the payment for one of those specified.

Appellant insists that, even though appellee was injured by coming in contact with the binding machine while engaged in operating it, one of the hazards expressly covered in the policy by clause 12 of part 2, he cannot recover the weekly indemnity provided for accidental injuries, since it is not included in said part 3 of the policy, which attempts to limit the payment of such weekly indemnity to injuries expressly covered by clauses 1 to 9 of part 2.

This policy was prepared by the insurer, and purports to provide a weekly indemnity for injuries resulting from hazards insured against, and, where there is any doubt as to the meaning of the language employed, the policy must be construed strictly against the insurer and favorably to the insured. *Lincoln Reserve Life Ins. Co.* v. *Smith,* 134 Ark. 245, 203 S. W. 698; *Home Mutual Benefit Assn.* v. *Mayfield,* 142 Ark. 240, 218 S. W. 371; *Eminent Household of Columbian Woodmen* v. *McCray,* 156 Ark. 300, 247 S. W. 379; *Benham* v. *American Central Life Ins. Co.,* 140 Ark. 612, 217 S. W. 462.

A reasonable construction of the terms of the policy will not allow the insurer to escape liability for the payment of the weekly indemnity provided for accidental injuries resulting from a hazard expressly insured against, by numerous exceptions and contradictory and ambiguous provisions.

The court erred, as already said, however, in allowing a recovery of the hospital benefits, since, under the plain terms of the policy, no recovery can be had under more than one provision of the policy for the accidental injury, and for one of the specific losses designated resulting therefrom.

If the appellee will enter a remittitur within 10 days of the amount recovered for hospital benefits, $82.14, the judgment will be so modified, and affirmed, otherwise it will be reversed and remanded for a new trial. It is so ordered.