METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK v. MUNFORD.

4-5407                                              126 S. W. 2d 282

Opinion delivered March 20, 1939.

1042

*Silas W. Rogers,* for appellant.

*J. V. Spencer,* for appellee.

BAKER, J. Appellant begins its statement of this case with this paragraph:

"On February 18, 1938, the appellee, Amy Munford, filed this suit against appellant, Metropolitan Casualty Insurance Company of New York, in the sum of $300. The suit was based on an accident disability policy dated August 7, 1937, and the plaintiff, Amy Munford, alleges that she is suing in the capacity of beneficiary. On March 16, 1938, appellant filed its answer and in the answer admits that the policy was issued and admits that the plaintiff was beneficiary, but further answering, states "that on the signed application of Otis Munford, defendant did insure his life on the condition that the said insured was a farmer and that he was working for himself and that the rate as such farmer was in 'E' class and

on such classification he was entitled to the $300.00 worth of insurance at $1.25 monthly premiums."

The insured at the time he was accidentally killed was hauling or loading logs for Mike Munford, employed by the Calion Lumber Company. It is alleged that as a logger he should have been classified under appellant's classification "H", and not "E", as it appears he was listed upon the application for insurance. It is alleged that under the classification of "H", his premium would have been $1.95 per $100 of insurance, per month, instead of $1.25 for $300 of insurance, and it is further stated that under the classification of "H", the amount of premium he paid in would have purchased $64.10. This amount was tendered, but refused. It is admitted that the insurance policy was in full force with all premiums paid at the time the insured was killed. The only real question that arises in the case is the contention made by the appellant that insured had changed his occupation after the issuance of the policy and that at the time of his death he was employed in a more hazardous work and that he should have been classified so as to pay the much higher rate of insurance, or to the same effect, that the amount of premiums paid would have bought a very much smaller sum, as the limit of recovery.

We copy from the policy of insurance a pertinent portion thereof.

"In consideration of the policy fee of five dollars and the Monthly premium of One 25/100 Dollars and of the statements in the Application for this policy, a copy of which is endorsed hereon and made a part of this contract does hereby insure Ottis Munford of Strong, Ark., hereinafter referred to as the Insured, a farmer by occupation, subject to all conditions and limitations hereinafter contained and endorsed hereon or attached hereto, from 12 o'clock noon, standard time at the place where the Insured resides on the day this contract is countersigned, until 12 o'clock noon, such standard time, of the first day of Sept., 1937, and for such time thereafter as the premiums paid by the insured, as herein agreed shall maintain this Policy in force."

The principal sum of this insurance was $300. Upon the trial of the case the foregoing policy was introduced in evidence and there was attached to it, as a part of it, according to the copied portion of the policy, insurance application, the pertinent part of which may be found in the following questions and answers:

"4. What are your occupations? (Name them all) General Work. Classed by the Company as? E

"5. What are all your duties in above occupation? ...............................................

"6. Employer? ........................... Your wages or income? ........................... per........................

"7. What is your employer's business? ...........................
Business address? ...............................

"8. Who desired as beneficiary? (Full name)
Annie Munford. Relationship? Mother."

Upon the trial of this case the appellant offered as a witness one of its general agents, who identified and sought to introduce what he alleged was the original application. This so-called original application had inserted after the question "What are your duties and occupations?" the word "farming", although the word or answer did not appear in the application attached to the policy and made a part of it by the express terms of the policy. The trial court expressed a doubt as to the admissibility of this evidence and directed a verdict for the plaintiff for the sum of $300, the amount of insurance, upon which the judgment was entered.

This appeal challenges the correctness of that judgment and the propriety of the trial court's act in refusing to consider this so-called original application for insurance and in refusing to submit to the jury, as contended for by appellant, the proposition to determine whether the so-called original application should be deemed the basis of the insurance contract, or the copy attached to the policy.

From the foregoing it will be seen that all the occupations mentioned, or stated by the insured are included in the one answer given by him, "general work." He did not say that he was a farmer nor that he was farming. He did not classify himself under the company's

schedule, but it appears from the application that the company made that classification. It does not appear from the application attached to the policy what kind of work he was doing, nor has any proof been abstracted in this record tending to show what his employment was at the time or on the date the policy was applied for, issued, or delivered.

The language of the policy is controlling in this case. It is the language employed by the insurance company, that is that "the application, copy of which is endorsed hereon and made a part of this contract." There is no ambiguity in the quoted language. It does not warrant the introduction of the alleged original application to vary or contradict the contract.

The insurance company had an application from one who was apparently a good risk. The application was incomplete in some of its details, that is, the answers to all questions had not been set out, but the insurance company was satisfied with these answers and made its own classification of "E" and issued its policy thereon for $300. It was the insurance company that asserted the applicant was a farmer and wrote that into the insurance policy. It is true that the insured accepted this policy so designating him as a farmer, but it follows, by no means, that he knew that there was a different rate of premium to be paid if he were hauling logs or making crops. In fact copy of the application shows the classification was made not by the insured, but by the insurer. Since this copy of the application by the unambiguous, unequivocal language of the insurer, was made a part of the contract of insurance, both the parties were bound thereby. We can lend appellant no aid in changing or modifying this instrument.

This was a suit at law. There was no allegation of fraud, or mistake, or contention that there was any misunderstanding, so it seems apparent that the insurance company should not now be permitted as a defense to amend or change the contract to defeat its liability.

The general rule seems to be that where a copy of the application is made a part of the contract, such copy governs and controls, rather than the alleged original,

of which it is the supplied copy, if they differ one from the other. 33 C. J. § 837, p. 115; 1 Joyce on Insurance, § 190 pp. 498, 499, 500.

But it is also argued that since the company designated him as a "farmer", when it issued the policy, the words "general work," means and refers to such work as farmers generally do. That might be true under certain conditions and circumstances, but the insured did not represent himself to be a farmer, according to this copy of the application. He gave the company the answer that he did "general work", a descriptive term that might mean one thing in one particular locality and a different thing in another. In this case the insurance company, no doubt, had knowledge of the conditions in communities in which it operated. The company was under no obligation to accept the application, but having done so it is bound by what appears in it.

When it accepted this application without requiring amendment, by the applicant, its policy must necessarily have followed the copy of application made a part of contract, without an effort to change or modify same. 1 Couch on Insurance, § 89, p. 158. At any rate the insured did not represent or warrant that he was a farmer.

Even if the policy, including the application accepted as a part thereof was ambiguous then such policy must be construed most strongly against appellant and most favorably for appellee. *Great American Casualty Co. v. Williams,* 177 Ark. 87, 7 S. W. 2d 775; *Life & Casualty Co. v. Ford,* 172 Ark. 1098, 292 S. W. 389; *Missouri State Life Ins. Co. v. Martin,* 188 Ark. 907, 69 S. W. 2d 1081.

This rule is so generally established, so universally recognized, that its statement needs little supporting authority.

Appellant asserts that the insured had changed his occupation and offers as evidence of that allegation the proof of death, submitted by the beneficiary, to the effect that while the insured was engaged in loading or hauling logs, a log rolled upon him and killed him. It may be true that a log-hauler is engaged in a much more hazardous occupation than a farmer, but there is no evidence in this case that the insured was not a log-hauler

at the time the policy was issued, nor is there any proof in this case that his answer, "general work", was not fully understood by him and by the agent to whom he gave the application. So, if it be understood that the answers given by the insured were warranties, there is no evidence of a breach thereof.

A settlement of this one issue determines all the other propositions, as those presented in the brief are merely incidental.

The judgment is affirmed.