SAINT PAUL-MERCURY INDEMNITY COMPANY *v.* BROYLES

No. 40372          January 28, 1957          92 So. 2d 252

*Snow & Covington,* Meridian, for appellant.

*Dunn* & *Singley,* Meridian, for appellee.

ETHRIDGE, J.

Mrs. V. S. Broyles, appellee, instituted this suit in the Circuit Court of Lauderdale County against appellant insurance company. She and her husband purchased from appellant an automobile liability policy covering bodily injuries and property damage, and also containing a medical payment provision in the maximum sum of $500. This clause is set forth in Section 1, Coverage C: "TO PAY all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease caused by accident, while in or upon, entering or alighting from the automobile, if the automobile is being used by the Named Insured or with his permission."

Mrs. Broyles was injured after she had parked her car in her garage, stepped out of it, the brakes slipped, and the car ran over her. The circuit court rendered a judgment for the amount of this insurance, $500, and we affirm that action.

The only witness who testified was the plaintiff. She and her husband have a business in the downtown part of the City of Meridian. Their home is in the north section

of town. On Saturady, March 26, 1955, shortly after 11:00 a.m., she and Mr. Broyles left their office for the day and drove to their home. It is on a hill and faces south. A concrete driveway which is very steep leads from the street to a two-car garage separate from the house, but only about four yards east of the back room of the house. The concrete floor of the garage slopes toward the driveway and street. Mr. Broyles sat on the right side of the front seat, and plaintiff was driving. She parked the car in the garage at an angle, turned the engine off, and pulled the hand brake out to hold the car. It locks automatically. She then got out of the automobile, closed the door and walked toward the rear of the car and close by it, almost brushing its side, until she got to the back of it, when she turned slightly and was about one foot beyond the rear corner of the driver's side and next to the rear bumper. She heard the brakes slip, screamed, and saw the car rolling back toward her. She ran three to five yards with the car following. It knocked her down and ran over her back. A tree stopped the vehicle.

Appellee testified that when she got out of the car she intended to go in the house, and was following the most direct route for that purpose. When asked how close she was to the automobile when she was walking along the side of it toward the house, she replied, "Right as close as I could be, brushing against it almost . . ." She said that only "a second or two" elapsed between the time she first got out of the automobile, and the time when she reached the back of it, heard the brakes snap, and the car started rolling toward her. She was seriously injured and incurred medical bills considerably in excess of the $500 limit of the policy. Appellee's husband did not drive and was still in the car when it began rolling backwards.

Appellant contends that appellee was not injured while "alighting" from the automobile; and that ap-

pellee had gotten out of the car and walked to the rear of it on the way into her house, and was through with it for the time. Hence appellant says that appellee is not within the coverage of the insurance policy. On the other hand appellee says that the word "while" in Coverage C embraces the whole series of circumstances culminating in the accident itself; that the act of "alighting" does not refer to any particular action or step in the process of alighting, but extends to the continuous uninterrupted action involved in the series of acts which terminated with the accident; that appellee had not completed the continuous actions involved in alighting until she got clear of the car, and there were no interruptions in these actions between stepping from the car and the accident.

Several cases from other states have dealt with similar or substantially similar provisions in insurance policies. But because of the nature of this clause and its necessarily close connection with the facts of each case, it is apparent that no general rule of interpretation can be formulated *in vacuo*. The facts of each case must necessarily determine the result. Several words and phrases in Coverage C are significant in a case of this type. It applies to injuries caused by accident "while" alighting from the automobile. This means "during the time that" or "as long as." Webster's International Dictionary (2d Ed. 1950), p. 2912. The word "while" connotes some continuity of actions by the injured person.

The "if" clause conditions coverage upon the automobile "being used by the named insured." And use of an automobile necessarily implies the process through a series of actions of leaving it and terminating that use. "Alighting" from the automobile literally means to remove a burden from it, to get down or descend. Webster's International Dictionary (2d Ed. 1950), p. 65.

██ █ Considering these terms together, the entire provision, and the context of its purpose in such a policy, we think that it extends to and covers the injuries received by appellee under these particular facts. She stepped down out of the car, closed the door, and was walking very close to it in the process of getting away from it when, after only a few seconds had transpired, the brakes slipped and the car began rolling onto her. There was a continuity of movement, and unlike the cases in which coverage has been denied, there was no interruption in appellee's actions involved in the act of alighting from the car and leaving it. For that reason we do not think that the cases cited by appellant are in point. See Ross v. Protective Indemnity Company, 135 Conn. 150, 62 A. 2d 340 (1948); New Amsterdam Casualty Company v. Fromer, 72 A. 2d 645 (D. C. C. A. 1950); Green v. Farm Bureau Mutual Auto Insurance Company, 139 W. Va. 475, 80 S. E. 2d 424 (1954). Sherman v. New York Casualty Co., 82 A. 2d 839 (R. I. 1951), is somewhat similar in its facts, although based upon the phrase ''in or upon'' the car. See also Madden v. Farm Bureau Mutual Ins. Company, 82 Ohio App. 111, 79 N. E. 2d 586 (1948); Note, 138 A. L. R. 404 (1942); 45 C. J. S., Insurance, Section 770; 29 Am. Jur., Insurance, Section 966.

██ █ Coverage C should not be disassociated from the purpose and intent inherent in the entire clause so as to limit the meaning of the word ''alighting'' to simply the physical act of stepping out of the car and on the ground. See Birmingham Railway, Light & Power Company v. Glenn, 179 Ala. 263, 60 So. 111, 113 (1912).

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Gillespie,* JJ., concur.