Lamar **GUSTAFSON** and Wayland **Bailey**, Appellants,

v.

**NATIONAL INSURANCE UNDER-WRITERS, Appellee.**

No. 4700.

Court of Civil Appeals of Texas, Eastland.

Dec. 20, 1974.

Rehearing Denied Jan. 10, 1975.

Bruce Evans, Clement, Morton & Evans, Robert H. Alvis, Wagstaff, Harrell, Alvis, Erwin & Stubbeman, Abilene, for appellants.

Michael S. Baskerville, McMahon, Smart, Wilson, Camp, Lee & Surovik, Abilene, for appellee.

BROWN, Justice.

Our opinion and judgment of November 8, 1974, is withdrawn and the following opinion is substituted therefor.

Hans and Henriette Bischofs, as next friends of their daughter, Nancy, filed suit against Lamar Gustafson and Wayland Bailey seeking damages for personal injuries sustained by Nancy as a result of her left hand being struck by the blades of an airplane propeller. Gustafson and Bailey were joint owners of the airplane and were covered by an aircraft liability policy issued by National Insurance Underwriters. The insurance company was called upon to defend the Bischofs suit and it refused.

Gustafson and Bailey filed this suit against the insurance company seeking a declaratory judgment that the company was obligated to defend and pay on their behalf all sums which Bischofs recovered against them. The insurance company filed an amended motion for summary judgment and asserted the following:

"In this connection, the defendant and cross-plaintiff would show that the policy of insurance issued by it does not provide liability insurance with respect to claims or suits by passengers; that a passenger is defined in said policy of insurance as follows:

'Definitions Under Part I: (c) Passenger means any person in, on or enter-

ing the aircraft for the purpose of riding or flying therein *or alighting therefrom following a ride,* flight or attempted flight therein;' (Emphasis added)

that Nancy Teresa Bischofs was, in fact, alighting from the aircraft at the time she was injured and was a passenger; that, therefore, the insurance policy does not afford coverage as to the plaintiffs on the occasion wherein Nancy Teresa Bischofs was injured.

#### IV.

Defendant and cross-plaintiff would further show that the policy of insurance issued by it provides as follows:

'Exclusions—This policy does not apply under Part I.A. (2) *While carrying passengers* unless pilot has a valid Private Pilot Certificate rating or higher.'

Plaintiff Wayland Bailey, pilot of the aircraft on the occasion in question, did not have a private pilot certificate rating or higher so that the insurance policy upon which this suit is founded does not afford coverage as to the plaintiffs at the time and on the occasion wherein Nancy Teresa Bischofs was injured." (emphasis added)

The court granted the insurance company's motion for summary judgment and entered its order holding that the insurance company had no duty to defend nor any liability under the policy. Plaintiffs have appealed.

■ The liability insurance company's duty to defend has been defined by our Supreme Court in Argonaut Southwest Insurance Company v. Maupin, 500 S.W.2d 633 (Tex.1973), as follows:

"The petitioner's duty to defend is determined by the allegations of the petition when considered in the light of the policy provisions without reference to the truth or falsity of such allegations. Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co., 387 S.W.2d 22 (Tex. 1965); Maryland Casualty Co. v. Moritz,

138 S.W.2d 1095 (Tex.Civ.App. 1940, writ ref'd.); Kahla v. Travelers Insurance Company, 482 S.W.2d 928 (Tex. Civ.App. 1972, writ ref'd n.r.e.)."

". . . The duty to defend does not depend on what the facts are, or what might be determined finally by the trier of the facts. It depends only on what the facts are alleged to be."

The only matter before this court is the proper construction of two unambiguous instruments. We are not concerned with what the facts are or what the facts might be finally determined to be. Our concern is what the words in the insurance contract and the pleadings of Nancy Bischofs mean. Our Supreme Court in Argonaut, supra, has announced the rules to be applied to determine the duty of an insurance company to defend. Our issue is to determine if the two instruments as a matter of law establish that Nancy Bischofs was alighting and thus a passenger as that term is defined in the policy.

There can be no dispute that a passenger was excluded from coverage. The contract defines "passenger" and, therefore, it is unnecessary to consider court definitions of "passenger."

An examination of the pleadings of Nancy Bischofs reveals that it is replete with express references to Nancy Bischofs as a "passenger" at the time of the injury. More importantly, each of the four grounds of negligence alleged as the basis of recovery, constituting the very heart of the cause of action, are based upon express allegations that plaintiff was a "passenger" at the time of the injury and that the duties allegedly breached by the insured were duties owed to the plaintiff because of her status as a passenger.

■ The definition of "passenger" as set forth in the policy means any person in, on, or entering the aircraft or alighting therefrom. Nancy Bischofs alleges:

". . . She was not aware of the fact that the propeller was still whirling

adjacent to where she jumped from the wing of the aircraft. *After landing on the ground, said Plaintiff regained her balance, and lifted her left hand to wave to her friends. When she did so, her left hand was struck by the whirling blades of the plane's propeller.*" (Emphasis ours.)

Such allegations establish she was not in, on or entering the aircraft. Effect must, however, be given to every part of the insurance contract and that includes the term "alighting therefrom." City of Stamford v. King, 144 S.W.2d 923 (Tex.Civ.App.— Eastland 1940, writ ref.). The terms used in the policy are to be given their plain, ordinary, and generally accepted meaning. Western Reserve Life Insurance Co. v. Meadows, 152 Tex. 559, 261 S.W.2d 554 (1953). We must, therefore, determine if it was alleged she was "alighting therefrom" as defined in the policy.

We have found a limited number of cases which have construed the term "alighting". Most of such cases involve the construction of the term as contained in automobile insurance policies.

The Supreme Court of Mississippi in Saint Paul-Mercury Indemnity Company v. Broyles, 230 Miss. 45, 92 So.2d 252 (1957), while construing the term "alighting" in an automobile policy, held the plaintiff was "alighting" and resolved that the term should not be limited to simply the physical act of stepping out of the car and on the ground. In the cause the plaintiff had stepped out of the car, closed the door and was walking close to the car in the process of getting away from it when the brakes slipped and car began rolling into her.

The Supreme Court of South Carolina in Whitmire v. Nationwide Mutual Insurance Company, 254 S.C. 184, 174 S.E.2d 391 (1970), stated:

" . . . If the phrase 'alighting from' is limited to the physical act of descending from the automobile, it would be meaningless because a person would still

be in contact with it and within the coverage afforded under the terms 'in' or 'upon'. Alighting from must, therefore, extend to a situation where the body has reached a point when there is no contact with the vehicle."

In a Connecticut case, Carta v. Providence Washington Indemnity Company, 143 Conn. 372, 122 A.2d 734 (1956), a driver had gotten out of the car, closed the door, and walked to front end of the automobile when she noticed the automobile was rolling toward her. She moved backward until she fell and was struck and injured by the automobile. The court held her injury was not covered by a policy affording coverage for an injury caused by accident while "alighting" from an automobile. In so holding, the Supreme Court of Errors of Connecticut stated:

" . . . A person is not in the process of alighting if, at the time, he has completed all acts normally performed by the average person in getting out of an automobile under similar conditions and if he has embarked upon a course of conduct entirely distinct from acts reasonably necessary to make an exit from the car."

■■ The cases suggest various factors to be considered in a determination of whether a person is alighting from a vehicle: continuity of movement, lack of interruption of act of alighting from vehicle and leaving it; proximity to vehicle; elapsed time from a position of being in or on the vehicle and having no contact with it. The allegations in the petition of Nancy Bischofs allege she was in very close proximity to the airplane, and a minimum of time had elapsed from her being on the plane and the accident. Nancy Bischofs' allegations in her petition establish conclusively that she had taken no action to leave the proximity of the airplane, nor completed the acts normally performed by an average person in getting away from an airplane.

We hold the allegations in the petition of Nancy Bischofs establish as a matter of

law she was alighting and thus was a passenger as that term is defined in the policy.

The motion for rehearing of the appellee is granted, the judgment is affirmed.

WALTER, Justice (dissenting).

I respectfully dissent. This is a summary judgment case. In my opinion the majority decided this case without regard to the summary judgment rules announced by the Supreme Court in Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41 (Tex.1965). In Le Tulle v. McDonald, 444 S.W.2d 794 (Tex.Civ.App. —Beaumont 1969, writ ref. n. r. e.), the Court said:

"The Supreme Court in Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.Sup., 1965) set forth the rules relating to summary judgments. Omitting the citation of authorities found in the opinion, we tabulate these rules:

'Rule 166–A, Texas Rules of Civil Procedure, provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

(a) 'The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. . . .

(b) '. . . the evidence must be viewed in the light most favorable to the party opposing the motion. . . .

(c) 'If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted.

(d) 'All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. . . .

(e) 'Evidence which favors the movant's position is not considered unless it is uncontradicted.

(f) 'If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. . . .

(g) 'This exception (Subdiv. (f), supra) is especially true where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. . . .

(h) 'After all the evidence has been sifted in this manner, the Court must determine whether the movant is entitled to a judgment as a matter of law.'"

Considering these rules together with the rule announced in Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970), the Insurance Company has failed to discharge its burden.

The majority opinion says:

"The only matter before this Court is the proper construction of two unambiguous instruments."

These two instruments are Nancy Bischofs' petition and the policy of insurance.

The majority say:

"An examination of the pleadings of Nancy Bischofs reveals that it is replete with express references to Nancy Bischofs as a 'passenger' at the time of the injury."

This is true. However, the word passenger is given a fixed definition in the policy. Only that person who is defined as a passenger under the fixed definition is excluded.

The Bischofs' petition also alleges the following:

" . . . The Defendant Lamar Gustafson, joint owner of said plane, stepped up to the left side of the aircraft, and he and Wayland Bailey conducted an extensive conversation which lasted for five minutes or more.

After having waited for several minutes without further instruction or communication from either of said Defendants, the Plaintiff Nancy Bischofs decided to rejoin her group of friends. She opened the cockpit door on the right side of the cockpit where she had been seated, stepped onto the wing of the plane, crossed the base of the wing of the plane. She hesitated on the landing edge of the wing for several seconds before jumping to the ground in front of the aircraft, which direction was toward her waiting friends.

Said Plaintiff Nancy Bischofs had flown several times in commercial type aircraft, but never before in a small single engine plane. She was not aware of the fact that the propeller was still whirling adjacent to where she jumped from the wing of the aircraft. After landing on the ground, said Plaintiff regained her balance, and lifted her left hand to wave to her friends. When she did so, her left hand was struck by the whirling blades of the plane's propeller."

In the above quoted allegations, she alleges facts which clearly show that she was not a passenger or contradicts her allegations that she was a passenger. Her allegations that she was a passenger are allegations of conclusions whereas the quoted portion of her petition are allegations of facts.

In Universal C.I.T. Credit Corp. v. Daniel, 150 Tex. 513, 243 S.W.2d 154 (1951), the Court said:

"In a fairly recent case this court said that 'if a written contract is so worded that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous.' Lewis v. East Texas Finance Co., 136 Tex. 149, 146 S.W.2d 977, 980. To the same effect, see Remington Rand, Inc., v. Sugarland Industries, 137 Tex. 409, 153 S.W.2d 477, 483 and Rachford v. Stewart Title Guaranty Co., Tex.Civ.App., 160 S.W.2d 985, 987, writ ref. w. o. m. The converse of this is that a contract is ambiguous only when the application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper meaning. For this very statement of the rule, see the Kansas cases of Roxana Petroleum Corp. v. Jarvis, 127 Kan. 365, 273 P. 661, 665 and Barker v. Lashbrook, 128 Kan. 595, 279 P. 12, 13. In other words, if after applying established rules of interpretation to the contract it remains reasonably susceptible to more than one meaning, it is ambiguous, but if only one reasonable meaning clearly emerges it is not ambiguous."

In my opinion Nancy's petition is ambiguous under the rule announced in Universal C.I.T. Credit Corp. v. Daniel, supra.

The insurance company contends that Curtiss-Wright Flying Service v. Williamson, 51 S.W.2d 1047 (Tex.Civ.App.—El Paso 1932, writ ref.), is authority for the proposition that Nancy was alighting from the airplane at the time of her injury as a matter of law. The facts in the Williamson case are brief and are copied from the opinion as follows:

" . . . Williamson was the second passenger to get out. He was anxious to reach a rest room. Upon alighting he turned immediately to the north, ducked under a rod supporting the wing on that side, and started to go around the front end of the plane. He took but two or three steps when he came in contract with the rapidly revolving propeller and sustained injuries which caused his death in a short time."

The court held that the findings of several acts of negligence which proximately

caused Williamson's death were supported by some evidence and that Williamson was not guilty of contributory negligence as a matter of law. I do not regard the Curtiss-Wright case as supporting the insurance company's contention.

The majority opinion relies upon Whitmire v. Nationwide Mutual Insurance Company, 254 S.C. 184, 174 S.E.2d 391 (1970), and quotes from said opinion.

Another quote from said opinion is as follows:

> "Where the act of alighting is completed is uncertain. It must be determined under the facts of each case, considered in the light of the purpose for which coverage is afforded."

Measured by our summary judgment rules, if we determine that the vital facts are uncertain, the summary judgment should be denied.

The insurance company's motion for rehearing should be overruled and the judgment should be reversed and the cause remanded.