[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 643 
ANSWERS TO CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF ALABAMA
This case is before the court on certified questions from the United States Court of Appeals, Fifth Circuit, under the authority of Section 6.02 (b)(3) of Amendment 328 to the Alabama Constitution, 1901 (Section 140 (b)(3), Constitution, amended, appearing in the unofficial 1958 Recompiled Code — 1973 Cum.Supp.) and Rule 18, Alabama Rules of Appellate Procedure (ARAP). Suit was begun in the United States District Court for the Northern District of Alabama, where plaintiff sought to recover for the death of her husband under the terms of a limited accident insurance policy. On cross-motions for summary judgment, supported by the pleadings and the deposition of the deceased's son-in-law, the district court found for the defendant insurance company on the ground that there was no genuine dispute as to any material fact and that plaintiff had not stated a legal cause of action under the provisions of the insurance policy. On appeal to the Fifth Circuit, that Court found that certain questions of Alabama law were controlling and has certified those questions for decision by this court.
The facts in this case are all stipulated. This court accepts the facts as they are set out in the memorandum opinion of the district court:
Early on the morning of June 18, 1973, seventy-nine year old Mr. Tyler and his son-in-law, Mr. Lutz, embarked on a fishing trip to the Holt Lock and Dam. They went in Mr. Lutz's car, to which was attached a boat trailer, which carried a 17 1/2 foot, flatbottomed fishing boat. When they arrived at the launching ramp, Mr. Lutz positioned the car and the trailer on the ramp about fifteen to twenty feet from the water. As was their custom, Mr. Tyler then got out of the car and proceeded to undo the boat and get it ready to launch. Part of his activity during this phase of the launching was to loosen and hold the "floating" rope, about thirty feet long, while the trailer was backed into the water. He would then hold this floating rope to secure the now-free boat, while Mr. Lutz drove the car and trailer forty to sixty feet away to park. At this point, the rope in Mr. Tyler's hand was attached to the boat, which was still on the trailer, which in turn was attached to the car.
All went routinely until Mr. Lutz, mistakenly thinking the boat had floated free, drove up the ramp and parked the vehicle. While locking the passenger side door, he heard Mr. Tyler's pleas for help, and, looking back through the passenger-side window, saw Mr. Tyler lying on the ground, seriously injured. He managed to get Mr. Tyler to the hospital. There he learned from Mr. Tyler that the boat had not floated free and that the deceased, assuming his son-in-law would pull forward and back in again, had continued to hold the floating rope. As soon as he saw that Mr. Lutz planned to park the car, he dropped the rope, not realizing that he was standing on it. The force of the car pulling forward looped the rope around the instep of Mr. Tyler's left foot, resulting in his being pulled off his feet and dragged along behind the car and trailer. Mr. Lutz was oblivious to this series of events because the windows of his car were closed, and the back window was fogged.
On July 11, 1973, Mr. Tyler died from the injuries sustained in this accident.
The language of the insurance policy under which Mrs. Tyler seeks to recover reads,
 "* * * the company insures [Mr. Tyler] * * * against loss of life * * * resulting * * * from bodily injuries * * * caused by accident occurring while this policy is in force and *Page 644 
arising out of the following specific hazards:
 (c) driving * * * or riding in or on, boarding or alighting from
(1) any pleasure type automobile * * * or
 (d) being struck by any automobile, truck or public conveyance."
The district court found the sole issue before it to be "whether the decedent's death as a result of being pulled off his feet and dragged by a rope connected indirectly to an automobile may be said to have arisen out of alighting from an automobile and/or out of being struck by an automobile." By granting the defendant's motion for summary judgment, the district court concluded that the plaintiff's deceased was not insured as a matter of Alabama law and that there were no facts which could properly go to a jury on the issue of coverage. The Court of Appeals found that Alabama law was uncertain in regard to the interpretation of several pertinent phrases in the insurance contract and concluded that this was a proper case for certification. The Court of Appeals therefore has certified the following questions to this court:
 "1. Whether as a matter of Alabama law the word `alighting' contained in clause (c) of the Insuring Agreement of the subject insurance contract can be construed to include the activity in which the insured was engaged at the time the chain of events concluding in his injury began.
 "2. Whether as a matter of Alabama law the word `struck' contained in clause (d) of the Insurance Agreement must be construed as requiring some sudden impact rather than any contact resulting from the motive force of the automobile and ending in injury.
 "3. Whether as a matter of Alabama law the phrase `by any automobile, truck or public conveyance' can be construed to include being struck, as defined by the answer to question 2 above, by a tangible object attached or connected to the automobile but not properly part of the automobile itself.
 "4. Whether as a matter of Alabama law being pulled down and dragged by a rope attached to a boat which is resting on a boat trailer connected to an automobile, on which the insured was accidentally standing when the automobile started forward, can be construed as being covered under the provisions of clause (d) of the Insuring Agreement."
As a general rule of Alabama law, an insurance contract will be construed most strongly against the party who framed it.Life Ins. Co. of Georgia v. Miller, 292 Ala. 525, 531,296 So.2d 900, 905 (1974). The contract of insurance will be construed strictly against the insurer and liberally in favor of the insured. Life Ins. Co. of Georgia v. Miller, supra;Southern Ins. Co. v. Wilson, 214 Ala. 373, 108 So. 5 (1926). Finally, ambiguous provisions of an insurance policy will be construed most strongly against the insurer and in favor of the insured. E.g., National Life Accident Ins. Co. v. Lokey,166 Ala. 174, 52 So. 45 (1910).
There are two provisions of the policy here involved which the Court of Appeals has asked this court to construe:
 (1) "alighting from * * * any pleasure type automobile" and
 (2) "being struck by an automobile, truck or public conveyance."
This court has not been presented the occasion, prior to this case, to construe the phrase "alighting from" as used in an automobile insurance policy. Still, other courts have considered this question and at least two have rendered decisions which seem particularly pertinent to our deliberations. *Page 645 
In the case of Carta v. Providence Washington Indemnity Co.,143 Conn. 372, 122 A.2d 734 (1957), the Supreme Court of Errors of Connecticut discussed a similar provision stating:
 "It is not reasonable to believe that the parties intended the coverage to end for one who gets both feet on the ground after emerging from the vehicle and, while then in the act, let us say, of closing the door is struck by a passing automobile. Some reasonable length of time must be allowed a person, after getting out, for the completion of acts which can reasonably be expected from those in similar situations."
The court then went on to apply the following negative test in order to determine when the act of alighting is completed:
 "A person is not in the process of alighting if, at the time, he has completed all acts normally performed by the average person in getting out of an automobile under similar conditions and if he has embarked upon a course of conduct entirely distinct from acts reasonably necessary to make an exit from the car. Such an act of embarking cannot logically be converted into an act of alighting."
The Connecticut court narrowly applied this test to the facts in Carta to deny recovery to the plaintiff who was injured when her car rolled over her as she walked around the front of it subsequent to exiting it.
The Mississippi Supreme Court, under facts almost identical to those in Carta, allowed recovery under a policy which covered injuries sustained "while" alighting from an automobile. Saint Paul-Mercury Indemnity Co. v. Broyles,230 Miss. 45, 92 So.2d 252 (1957). The court found that there was continuity of movement and no interruption in plaintiff's actions involved in the act of alighting from the car and leaving it and, thus, the term "alighting from" included plaintiff's actions at the time she was struck. This continuity of motion, the court felt, brought plaintiff under the policy provision where the car she had exited rolled over her as she crossed in back of it toward the door of her home. SeeBirmingham Ry., L. P. Co. v. Glenn, 179 Ala. 263, 60 So. 111
(1912) (which involved an alighting from a train).
The policy provision in the case before this court includes the qualification that the "alighting" must be from a "pleasure type automobile." This court finds that the inclusion of the phrase "pleasure type" may be construed to modify the meaning of "alighting" as well as to describe "automobile."
Although this court approves the above quoted language fromCarta as a test to apply to the facts of each case in determining whether an alighting is involved, we agree with the Mississippi court in Broyles that "no general rule of interpretation can be formulated in vacuo" and "the facts of each case must necessarily determine the result."230 Miss. at 49, 92 So.2d at 254. Based on this conclusion, plaintiff's right to recover under the facts of this case was a question for the trier of fact and was not properly subject to a decision as a matter of law on summary judgment. The question for the jury would be whether the facts as stipulated by the parties would constitute an "alighting from" the automobile as normally performed on a pleasure fishing trip under similar circumstances.
The last three questions addressed to this court by the Court of Appeals require a construction of the provision of the insurance contract which reads "being struck by any automobile, truck or public conveyance." Again no previous Alabama case has considered such a provision.
The Mississippi Supreme Court had such a clause before it in the case of State Farm Mutual Automobile Insurance Company v.Johnson, 242 Miss. 38, *Page 646 133 So.2d 288 (1961). There plaintiff's decedent was killed when a plank placed under a wheel of his automobile was thrown by the automobile and struck him. The court concluded that "the peril against which the insured * * * had bought protection was that of a blow from a moving vehicle" and it was not material that the blow was inflicted by a plank rather than by a part of the vehicle so long as the vehicle was the moving force behind the blow. 242 Miss. at 42, 133 So.2d at 290. Under the majority rule, which this court now adopts, no actual physical contact between the plaintiff and the automobile is required for recovery. See Gilbert v. Life Casualty Co. of Tennessee,185 Ark. 256, 46 S.W.2d 807 (1932) (deceased struck by a cable attached to vehicle); McKay v. Travelers Indemnity Co., 27 Ohio Ops.2d 76, 193 N.E.2d 431 (Ohio App. 1963) (glass and canned goods toppled as result of a truck's colliding with a building); Annot., 33 A.L.R.3d 962 (1970).
The district court did not reach the issue of whether direct contact with the automobile is required because it concluded that the facts of this case did not involve a "striking" as that word is understood by ordinary minds. This court cannot agree or so hold as a matter of law.
In the case of Dean v. American Fire Casualty Co.,249 S.C. 39, 152 S.E.2d 247 (1967), the South Carolina Supreme Court had occasion to construe the term "struck" as used in an accidental insurance contract. The court noted that,
 "The word `struck' is the past tense of the word `strike' which in its plain, ordinary and popular sense means `to hit with some force'; `to come in collision with'; `to give a blow to'; `to come into contact forcibly'.
The important phrase in this definition for our purposes is the phrase "to come into contact [with]" — the contact being sufficient if its result is injury to the plaintiff.
This court agrees with the district court's conclusion that the words "struck by an automobile" require either an impact between the injured and the automobile, or between the injured and something set in motion by the impact of the automobile upon it or between the injured and something set in motion as a result of the automobile's force. We do not agree that this impact has to be "sudden" as required by the district court. This court concludes that a finding of contact with an object whose motive force is an automobile is sufficient to bring the facts within the meaning of "struck by an automobile" as used in the contract of insurance in this case. The evidence as stipulated to by the parties reveals such contact here and brings this case under provision (d) of the insurance contract as a matter of law. Therefore summary judgment for plaintiff on this question would have been proper.
This court feels that it has generally addressed each of the questions certified to us. This court will conclude by addressing each specifically. As to question one, this court reaches no factual conclusion regarding the right of plaintiff to recover under clause (c) as a matter of law, but does find that the activity in which the insured was engaged may be interpreted by a jury as falling under the term "alighting from" as that term is used in clause (c). Regarding questions two, three and four, we find (1) that no sudden impact is required, but only contact resulting from the motive force of the automobile and ending in injury; (2) the contact can be with a tangible object attached or connected to the automobile but not properly part of the automobile itself and (3) this court finds that the facts as stated in question four can be construed as falling under the provisions of clause (d) of the Insuring Agreement.
MERRILL, BLOODWORTH, MADDOX, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.
JONES, J., dissents as to answer to question one, but concurs as to answers to questions two, three, and four. *Page 647