Claree EDWARDS, Appellant,

v.

## MUTUAL OF OMAHA INSURANCE COMPANY.

No. 86–5238.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 6, 1987.

Decided April 1, 1988.

---

Aaron M. Levine, Washington, D.C., for appellant.

David F. Grimaldi, Washington, D.C., for appellee.

Before MIKVA, EDWARDS and WILLIAMS, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

This is a case about the scope of a particular term in an accidental death insurance policy in the District of Columbia. Appellant's decedent, Donald Edwards, was run over by a bus from which he had just alighted. When the insurance company paid appellant the standard benefit for accidental death as a "pedestrian," she sued to collect the higher award the policy reserved for death while a passenger on a common carrier. Appellee contends that Mr. Edwards was no longer a passenger at the time of his death. We heard oral argument in the case on February 6, 1987 and concluded that it turned upon an unresolved question of District of Columbia law. Pursuant to the District's recently enacted certification statute, D.C.Code § 11–723 (1987 Supp.), we certified the question to the District of Columbia Court of Appeals. The D.C. Court of Appeals issued its decision on the question on September 18, 1987. *Claree Edwards v. Mutual of Omaha Insurance Company,* 530 A.2d 1190 (D.C.Ct. App.1987). With the certified issue resolved under District of Columbia law, we are now in a position to decide this case.

## I. BACKGROUND

Decedent Donald Edwards boarded a bus of the Washington Metropolitan Area Transit Authority (WMATA) on the evening of March 23, 1985 and remained on the bus until its terminal point. The driver noticed that Mr. Edwards did not disembark and that he was intoxicated, and informed him that he would have to leave the bus. When Mr. Edwards did not respond, the driver removed him from the bus and deposited him on the adjacent sidewalk. The driver returned to the bus and, about a minute later, began to pull away from the curb. As the bus pulled away, Mr. Edwards fell under its rear wheels. He sustained massive injuries and died later that night.

Mr. Edwards held a life insurance policy from appellee Mutual of Omaha Insurance Co. The policy provided for the following benefits: $30,000 for accidental death while a "pedestrian" and $150,000 for accidental death while a "passenger ... riding in or getting on or off any public ... conveyance provided by a common carrier." Mutual of Omaha paid appellant Claree Edwards, the widow of Donald Edwards, $30,000 on the policy. Mrs. Edwards then brought this suit, contending that her husband remained a "passenger" at the time of the accident and that she was therefore entitled to $150,000. The district court granted Mutual of Omaha's motion for summary judgment, and Mrs. Edwards appealed to this court.

On February 6, 1987 a panel of this court heard oral argument in the case. After hearing argument, this court determined that the resolution of the case turned on a question of District of Columbia law for which there was no controlling precedent. The question of law was as follows: Does a provision in a life insurance policy that covers any "passenger ... riding in or getting ... off" a vehicle of a common carrier embrace a person who has disembarked from the vehicle, but has not reached a zone of safety? The D.C. Court of Appeals heard argument on May 21, 1987, and answered the question certified to it on September 18, 1987.

## II. THE D.C. COURT OF APPEALS' DECISION

The D.C. Court of Appeals answered our question in the negative. It stated of the wording of the insurance policy that covered Mr. Edwards:

We hold that such policy does not cover one who has disembarked from a common carrier, even though the person has not yet reached a "zone of safety" when an injury occurs. In other words, a per-

son may complete "getting off" the vehicle and thus cease to be a passenger for purposes of an insurance policy such as the one at issue here, even though he or she has not yet reached a "zone of safety." .

*Claree Edwards, supra*, at 1191. The court distinguished the case at bar from those in which courts have adopted a broader interpretation of the concept of a passenger. It recognized that some courts have defined the term "passenger" to include a rider who has disembarked but not yet reached a zone of safety, and even a person hit by a train while crossing the track to reach another train due to arrive at the station. *Id.* at 1192. But it noted that, unlike those cases, an insurance policy existed in the instant case whose language defined the covered class with some specificity. The court was persuaded that "[t]he language [of the policy] is sufficiently clear to preclude resort to the significantly broader definition of tort liability based not on the terms of each particular contract but on general principles of public policy." *Id.* at 1192.

Having dismissed the "zone of safety" test as inapplicable, the D.C. Court of Appeals concluded that the District Court had been correct to focus its inquiry on whether Mr. Edwards "had completed his departure from the bus" before he fell beneath its wheels. *Id.* at 1192. The court noted that the term "getting off" will to some extent necessarily be fact-specific. Nevertheless, it provided some general guidance. Although declining to settle upon a " 'general rule of interpretation ... in vacuo,' " *id.* (*quoting Saint Paul–Mercury Indem. Co. v. Broyles*, 230 Miss. 45, 92 So.2d 252, 254 (1957)), the court stated that:

> ... the notion of 'getting off' a vehicle includes 'all acts normally performed [ ...] under similar circumstances' by persons departing a similar vehicle and is complete when one 'has embarked upon an entirely different course of conduct.'

*Id.* (*quoting Carta v. Providence Washington Indemnity Co.*, 143 Conn. 372, 378, 122 A.2d 734, 737 (1956); *Stoddard v. "AID" Ins. Co. Mutual*, 97 Idaho 508, 510, 547

P.2d 1113, 1115 (1976)). The court went on to state that " '[s]ome reasonable length of time must be allowed a person, after getting out, for the completion of acts which can reasonably be expected from those in similar situations." *Id.* at 6, *quoting Carta, supra*, 143 Conn., at 377, 122 A.2d at 736. Having answered the question put to it, the court declined to express an opinion on the facts of the case at bar.

## III. DISCUSSION

The district court granted summary judgment below because it found that no genuine issue of material fact existed. It held that Mr. Edwards "clearly was a pedestrian and not a passenger. He had completed his departure from the bus and had reached the sidewalk. Enough time had elapsed for decedent's status to become that of a pedestrian rather than a passenger 'getting off [a] conveyance.' " *Claree Edwards v. Mutual of Omaha Insurance Company*, No. 85–2347, slip op. at 3 (D.D. C. April 8, 1986).

The record supports the district court's conclusion. We certified the question that we did simply to determine whether, although apparently a pedestrian, Mr. Edwards could nevertheless claim the legal status of passenger because he had not yet reached a "zone of safety." With that question answered in the negative, our inquiry now is only to "determine if appellants have failed to raise any 'genuine issues as to any material fact.' " *Habib v. Raytheon Co.*, 616 F.2d 1204, 1208 (D.C. Cir.1980). Because we find that no such issue has been raised on appeal, there is no basis for disturbing the district court's order granting summary judgment for the appellee. Accordingly, the decision of the district court is

*Affirmed.*