Carl E. Chamblee, Jr., as guardian ad litem for Brenda Kay Battles, a minor, *Page 923 
appeals from a summary judgment entered in favor of State Farm Mutual Automobile Insurance Company ("State Farm") in an action to resolve Brenda's right to benefits under the liability coverage provision of an automobile insurance policy issued to her aunt, Patricia Todd.
Brenda was allegedly in Todd's care when she was struck and injured by an automobile driven by an uninsured motorist. State Farm filed a declaratory action against Todd, Brenda Kay Battles, and Jimmy Battles (Brenda's father), asking the trial court to determine that Todd's policy did not provide benefits to compensate Brenda for her injuries arising from the accident.[1]
On motion of State Farm, the court appointed Chamblee as guardian ad litem for Brenda, and Chamblee then answered the complaint. Chamblee counterclaimed against State Farm to recover for Brenda's medical expenses and cross-claimed against Todd for damages based on negligence. State Farm subsequently moved for a summary judgment, supporting its motion by portions of Todd's deposition testimony and by the language of the policy issued to her. Todd and Chamblee did not respond in opposition to the motion. After a hearing, the trial court entered a summary judgment in favor of State Farm. That judgment was made final pursuant to Rule 54(b), A.R.Civ.P. Chamblee appeals.
The sole issue before us is whether the trial court erred in entering a summary judgment for State Farm. A summary judgment is proper and must be affirmed on appeal if, viewing the evidence in the light most favorable to the nonmoving party, the appellate court concludes that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Lowe v. East End Memorial Hospitaland Health Centers, 477 So.2d 339 (Ala. 1985). In this case, Todd and Chamblee did not dispute the facts presented; thus, we need only determine whether, under those facts, State Farm was entitled to a judgment as a matter of law.
The undisputed evidence shows: On the day of the accident, Todd and Brenda had traveled with a group of family members from McCalla, Alabama, to Birmingham to attend wrestling matches. Todd drove the group in her 1986 Toyota pick-up truck, which was insured through State Farm. Todd parked the truck at the curb on the west side of 19th Street, across from the auditorium where the wrestling matches were to take place. Everyone, including Brenda, got out of the truck and gathered in a group on the sidewalk adjacent to the truck. Todd's husband and two children stayed behind momentarily, and the rest of the group walked east across 19th Street toward the auditorium, with Brenda walking beside Todd. The group reached the median and stopped to check for oncoming traffic. At that moment, Brenda suddenly ran into the street and was hit by a motorist driving a truck north in the inside lane of 19th Street.
In the counterclaim against State Farm, Chamblee sought compensation for Brenda based on the following language contained in Todd's policy:
"We will:
 "1. pay damages which an insured becomes legally liable to pay because of:
"(a) bodily injury to others . . .
". . . .
 "caused by accident resulting from the ownership, maintenance or use of your car; and
 "2. defend any suit against an insured for such damages with attorneys hired and paid by us."
Chamblee argues that Brenda's injuries arose from the ownership and use of Todd's vehicle, thus qualifying Brenda for coverage under the terms of Todd's policy.
To support his contention, Chamblee cites State AutomobileInsurance Association v. Kuhfahl, 364 Pa. Super. 230,527 A.2d 1039 (1987), and National Indemnity Co. v. Farmers Home Mut.Ins. Co., 95 Cal.App.3d 102, 157 Cal.Rptr. 98 (1979). In *Page 924 
both cases, a minor was injured after exiting from an insured's vehicle onto a curb and then immediately dashing into the street. The respective vehicles of the insureds were covered under policy provisions comparable to the one at issue in the instant case. In Kuhfahl, the Pennsylvania Superior Court found that the loading and unloading of a passenger was a "use" of the vehicle that was specifically provided for in the language of the policy, particularly when the passenger was a child and therefore prone to unpredictable behavior. The court held that the insured's failure to supervise the child could not be disassociated from the use of the vehicle; accordingly, the child was entitled to benefits under the insured's policy. The California Court of Appeals reached a similar result inNational Indemnity, explaining that "the act of the insured which gives rise to liability, if such liability is established, is her negligent failure to supervise and control the child during the unloading of the vehicle. . . ." (Emphasis added.)
We find that Chamblee's reliance on Kuhfahl and NationalIndemnity is misplaced. In those cases, the children were injured during the immediate process of exiting the insureds' vehicles and liability arose from the insureds' failure to adequately supervise this process. In the instant case, it is uncontroverted that Brenda safely disembarked from the truck and paused, then walked across the road with Todd, and arrived without mishap into the median. When Brenda stopped at this point of safety, she had completed the act of exiting Todd's truck. The events of the accident were set in motion only after Brenda left the median and ran toward the auditorium, thus beginning a new activity that was disassociated from a "use" of the insured's vehicle.
The law is clear that an insurance policy must be enforced as written, as long as the language used is unambiguous.Johnson v. Allstate Insurance Co., 505 So.2d 362 (Ala. 1987). Under the plain terms of the State Farm policy issued to Todd, coverage does not extend to liability for an accident that does not arise from the ownership, maintenance, or use of Todd's vehicle. Accordingly, we affirm State Farm's summary judgment.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.
[1] Jimmy Battles is not a party to this appeal.