PER CURIAM.
Tommy Moore sued Bobby Pressley and State Farm Mutual Automobile Insurance Company (hereinafter “State Farm”), seeking recovery for injuries he suffered when he was struck by an automobile driven by Pressley. Moore alleged that he was struck by Pressley’s car as he was alighting from an automobile driven by James Lee Brooks, who owned a State Farm automobile insurance policy providing uninsured motorist coverage. Moore claimed negligence and wantonness against Pressley and breach of contract against State Farm. The trial court entered a summary judgment for State Farm and made that judgment final pursuant to Rule 54(b), Ala.R.Civ.P. Moore appeals.
A summary judgment is proper and must be affirmed where there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. In reviewing a summary judgment, this Court must view all the evidence in a light most favorable to the nonmoving party and must draw all reasonable inferences in favor of the nonmovant. Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794 (Ala.1989).
The sole issue on appeal is whether the trial court properly determined that, as a matter of law, Moore was excluded from coverage under Brooks’s insurance policy. The policy provides:
“We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance, or use of an uninsured motor vehicle."
For purposes of uninsured motorist coverage, the policy defines an “insured” as “any other person while occupying your car.” The policy defines the term “occupying” as “in, on, entering or alighting from.” Moore argues that he was alighting from Brooks’s vehicle at the time he was struck by Press-ley’s vehicle and is thus entitled to coverage under Brooks’s insurance policy.
In Tyler v. Insurance Co. of North Alabama, Inc., 331 So.2d 641 (Ala.1976), this Court determined that the process of “alighting from” an insured’s vehicle ends when the passenger has completed all acts normally performed by the average person in getting out of an automobile under similar conditions and has embarked upon a course of conduct entirely distinct from those acts necessary to make an exit from the vehicle. The Court further held that some reasonable length of time must be allowed a person for the completion of acts associated with alighting from the vehicle. The Court noted that, because the facts of each case must determine whether a passenger has “alighted from” an insured’s vehicle, the question is ordinarily not subject to decision as a matter of law.
*516 We note that in Chamblee v. State Farm Mut. Auto. Ins. Co., 601 So.2d 922 (Ala.1992), this Court held that a passenger is no longer alighting from or “using” a vehicle when the passenger has completed the act of exiting the vehicle and has begun a new activity that is disassociated from a “use” of the vehicle. In Chamblee, a child exited the insured’s van and walked across the street into a median, where she stopped for several seconds before running out of the median into the path of an oncoming car. Because the child had reached a point of safety in the median before beginning the act that actually resulted in her injury, this Court held that the child was not covered under the insured’s insurance policy.
In this case, the record reveals that on the night of the accident, Brooks gave Moore and another friend a ride to Moore’s apartment from VietoryLand dog track. As the car approached Moore’s apartment complex, Brooks pulled over on the left side of the road and partially across the paved driveway that led to Moore’s apartment unit; Moore sat on the side of the vehicle nearest the road. Moore got out of the car, closed the door, and took three or four steps around to the back of the car toward his apartment. When he was two or three feet from the rear of Brooks’s car, Pressley’s car left the roadway and struck Moore. Brooks had not yet begun to drive away from the side of the street and Moore had not yet reached the driveway that edged his apartment complex.
After thoroughly reviewing the evidence, we must conclude that there is a genuine issue of material fact as to whether, at the time he was struck by Pressley’s vehicle, Moore had completed the act of exiting Brooks’s car and had begun the unrelated activity of walking toward his apartment. The summary judgment is hereby reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.