WILLIAM STONE *vs.* HOWARD INSURANCE COMPANY.
SAME *vs.* FIREMAN'S INSURANCE COMPANY.
SAME *vs.* GRANITE STATE FIRE INSURANCE COMPANY.

Worcester.     September 30, 1890. — April 3, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Fire Insurance — Manufacturing Establishment — Cessation of Business — Waiver — Custom.*

Three policies of insurance against loss by fire were taken out by the same person, the first upon a "two-story and basement frame building, occupied by assured as a steam-power boot and shoe factory"; the second upon "machines, boilers, engine, shafting, pulleys, belts, and supplies for same, tools, dies, lasts, patterns, cases, implements, screws, forms, tacks, shop and office furniture, fixtures, and iron safe" in such building; and the third upon "boots and shoes manufactured and in process of manufacture, and stock and material" also in such building. Each policy provided that it should be void, if, the premises insured being a manufacturing establishment, such establishment should cease operation for more than thirty days without permission in writing indorsed thereon. *Held,* that the property covered by the first and second policies formed part of a manufacturing establishment within the meaning of such provision,

and that they became void upon its ceasing operation beyond the limit without the requisite permission. *Held, also,* (C. ALLEN, HOLMES, and KNOWLTON, JJ. dissenting,) that the property covered by the third policy did not form part of a manufacturing establishment within such provision.

Neither the previous habit of a person insured to cease operating his manufacturing establishment during the dull season, nor the general custom of manufacturers in the same business to do so, nor the knowledge by the insurance agent of such custom, will render nugatory an express provision in a policy of fire insurance that it shall be void if the establishment ceases operation for thirty days.

A clause of an insurance policy against fire which makes express provision for the future cannot be deemed to have been waived by inference or implication.

THREE ACTIONS OF CONTRACT upon three policies of insurance against loss by fire, each in the form prescribed by the Pub. Sts. c. 119, § 139, (St. 1887, c. 214, § 60,) and containing the condition that the policy was to be void if, the premises insured being a manufacturing establishment, such establishment should cease operation for more than thirty days without the written consent of the company indorsed thereon. The cases were tried together before *Dewey,* J., who excluded certain evidence, and ordered a verdict in each case for the defendant, and reported the cases for the determination of this court. If, in either case, the judge should have sustained the plaintiff's contention that the above condition was not applicable, the verdict was to be set aside, and judgment entered for the plaintiff for the amount of the policy; if the rulings were correct, judgment was to be entered for the defendant in each case.

The cases were argued at the bar in September, 1890, and afterwards, in February, 1891, were submitted on the briefs to all the judges.

*T. G. Kent & F. A. Gaskill,* for the plaintiff.

*F. P. Goulding,* for the defendants.

C. ALLEN, J. The plaintiff, at different dates, took out three policies of insurance from three different insurance companies. So far as is made to appear to us, neither policy contained any reference to either of the other policies, and neither company knew of any other insurance except that made by its own policy.

The first policy insured the plaintiff upon "two-story and basement frame building, occupied by assured as a steam-power boot and shoe factory, situate on east side of Winthrop Street, Holliston."

The second policy was upon "machines, boilers, engine, shafting, pulleys, belts, and supplies for same, tools, dies, lasts, patterns, cases, implements, screws, forms, tacks, shop and office furniture, fixtures, and iron safe, contained in two-story frame building and basement, occupied by the assured as a steam-power boot and shoe factory," situated as above described.

The third policy was upon "boots and shoes manufactured and in process of manufacture, and stock and material, contained in a two-story and basement frame building occupied by the assured as a steam-power boot and shoe factory," situated as above described.

Each policy was in the form known as the Massachusetts Standard Policy, and contained the prescribed clause respecting the circumstances under which the policy should become void, the parts material to the present inquiry being as follows: "This policy shall be void . . . if the premises hereby insured shall become vacant by the removal of the owner or occupant, and so remain vacant for more than thirty days without such assent, or if it be a manufacturing establishment, running in whole or in part extra time, . . . or if such establishment shall cease operation for more than thirty days without permission in writing indorsed hereon." The defence in each case was, that the property insured was a manufacturing establishment, or was in and part of a manufacturing establishment, and that the same ceased operation for more than thirty days without such permission. Omitting all unessential words, the provision of each policy was, "This policy shall be void, if the premises hereby insured be a manufacturing establishment, if such establishment shall cease operation for more than thirty days without permission in writing indorsed hereon."

It is obvious from the description in each policy that it was well understood by the parties that the plaintiff maintained a manufacturing establishment, and that the building insured by the first policy, and the machines, etc. insured by the second policy, constituted parts thereof. In respect to the property insured by the third policy, in the opinion of a majority of the court it cannot be held to constitute a part of the manufacturing establishment, or to operate or be operated as such, or to cease operation, for the following reasons, stated by Mr. Justice William Allen:

" This property differs from the factory or the manufacturing establishment which operates upon them as a thing operated upon differs from that which operates, or the tool from the material it works upon.   A manufacturing establishment is an establishment for manufacturing raw material; that is, for operating upon material, and the idea of it excludes the material upon which it operates.   Much less can the idea of the material include the manufactory which operates upon it.

" The policy reads that the policy shall be void 'if the premises hereby insured . . . be a manufacturing establishment, . . . if such establishment shall cease operation.'   It cannot be construed as if it read, 'If the premises shall be a manufacturing establishment, or goods manufactured or in process of manufacture, stock, or materials in a manufacturing establishment, and such establishment shall cease operation.'   The same form of policy is prescribed for insurance upon all kinds of property, and general provisions would naturally be inserted which are applicable to some kinds of property and not to other kinds. The provision in regard to the removal of property insured is evidently intended for movable property; the provision in regard to the premises becoming vacant by the removal of the owner or occupant, and the provision in regard to dangerous materials being kept or used on the premises, evidently relate only to buildings insured.   There is more reason in holding that those provisions apply to furniture, and that an insurance on furniture or any personal property in a house would be made void by the vacancy of the house, or by the keeping in it of the dangerous articles mentioned, than that an insurance on stock in a manufacturing establishment would be made void if the factory ceased operation.   All these provisions have full meaning and effect when applied, according to their terms, to an insurance of property to which they can be applied.   To extend them to an insurance of property to which they do not apply, because the destruction of such property not insured may cause the destruction of the property insured, is against all rules of construction, and seems to be a plain interpolation of what is not in the contract.

" The building, and the machinery, fixtures, and appliances, constitute the manufacturing establishment.   It is going far

enough to hold that, in one insurance of machinery, the premises insured are the manufacturing establishment of which the machinery constitutes a part."

In the opinion of a minority of the court, consisting of Mr. Justice Holmes, Mr. Justice Knowlton, and myself, the establishment ceasing operation for more than thirty days was a breach of the condition of the third policy also; but in respect to this the opinion of the majority of course prevails.

The plaintiff contended further that the property insured in each separate policy, when taken by itself, did not constitute " a manufacturing establishment " within the meaning of the contract, even though it might form a part of such an establishment, or, as it is expressed in the plaintiff's brief, that " it is the combination that makes the establishment"; that neither the building, nor the machinery, nor the goods manufactured or in process of manufacture, when taken alone, constituted such an establishment; and that therefore neither policy became void, even though the plaintiff's manufacturing establishment ceased operation for more than thirty days.

This construction of the policy seems to us to be too narrow and literal to carry out fairly the intention of the parties. It is no doubt often proper, in construing a policy of insurance, to lean somewhat against the insurer where the meaning of a clause is doubtful. But, after all, the natural and obvious sense of the words must be adhered to. The provision under consideration is general language, fixed by statute. It is included among other provisions describing the circumstances under which a policy shall be void, some of which relate solely to insurance upon real estate, others solely to insurance upon personal estate, and still others to insurance upon both real and personal estate. The statute enacts a form of policy which is intended to be used in cases of insurance upon many different kinds of property, and the Legislature has sought to include enough to secure the rights of both parties in all ordinary cases, by provisions which must be expressed with some compactness. This standard form of policy was obviously designed to be used in insuring manufacturing property. But if the view contended for by the plaintiff is sound, the clause in respect to the ceasing of operation of manufacturing establishments would be wholly

nugatory, unless everything that goes to make up such an establishment is included in the same policy. It is true that an insurance company might insert a special clause, or affix a rider, to the effect that the provision should apply if the premises or property insured constituted a part of a manufacturing establishment. But we cannot think the Legislature intended to require this to be done. The general idea upon which the clause is founded is, that when a manufacturing establishment is insured, the risk increases if the operation ceases for a length of time. But the risk is the same whether the property insured constitutes the whole of such an establishment or only a part of it. Insurance upon a manufacturing establishment is to become void if it ceases operation for more than thirty days. The insurance upon a manufacturing establishment includes insurance upon everything that goes to make up that establishment; and, on the other hand, insurance upon a part of such an establishment must be deemed to be an insurance upon the establishment, within the meaning of the clause referred to.

The testimony of the plaintiff's witness, Stone, shows such a cessation of operation of the establishment as to defeat the first two policies. The machinery stopped about four months before the fire, and did not run afterwards; and the employees were then discharged for the season. It cannot be said, without a palpable perversion of the meaning of language, that the manufacturing establishment was in operation during this interval of time. It ceased operation as a manufacturing establishment; and this was the very thing that the policy expressly provided against. Where an existing fact is at variance with a clause of an insurance policy, and is known by the company to be so, there may be an implication that the clause is not insisted on. *Newmarket Savings Bank* v. *Royal Ins. Co.* 150 Mass. 374. But a clause which makes express provision for the future cannot be thus done away with. In each of the first two policies, the parties, by adopting the standard form of policy, expressly contracted that the policy should become void if the establishment should cease operation for more than thirty days. Neither the previous habit of the plaintiff to cease operating his factory during the dull season, nor the general custom of manufacturers of boots and shoes to do the same thing, nor the

knowledge of the insurance agent that it was usual thus to stop business, can have the effect to render nugatory the express provision of the policies. *Keith* v. *Quincy Ins. Co.* 10 Allen, 228. *Kimball* v. *Ætna Ins. Co.* 9 Allen, 540, 543. *Herrman* v. *Adriatic Ins. Co.* 85 N. Y. 162.

The result is, according to the terms of the report, that in the actions upon the first and second policies there must be judgments for the defendants, and in the action upon the third policy there must be judgment for the plaintiff for the amount of the policy.          *Ordered accordingly.*