143 So.2d 846

**TRINITY UNIVERSAL INSURANCE CO., DALLAS, TEXAS,**

v.

**W. C. WILLS.**

**4 Div. 90.**

Supreme Court of Alabama.

July 12, 1962.

Rehearing Denied Aug. 30, 1962.

649

Mead, Norman & Fitzpatrick, Birmingham, for appellant.

Lee & McInish, Dothan, for appellee.

SIMPSON, Justice.

This is an appeal from a judgment for appellee on a policy of fire insurance. Appellee carried on the business of the Shorterville Veneer Company in three separate buildings. The property insured by appellant, and totally destroyed by fire, is described in the policy as "the one story, open sided, metal roofed Veneer Mill, and * * machinery and equipment and supplies contained therein".

Appellant's defense is predicated upon a provision of the policy which provides: "Permission is granted for the property described in this policy to be unoccupied or to cease operations in said property for a period of ninety days at any one time (including the 60 days allowed in the policy)." Similar conditions found in fire insurance policies insuring factories and mills have been found to be valid, reasonable and proper. 29A Am.Jur., Insurance, § 899, p. 107; 45 C.J.S. Insurance § 554, p. 297; 4 Appleman, Insurance Law & Practice, § 2841, pp. 782–3. As stated in Stone v. Howard Ins. Co., 153 Mass. 475, 27 N.E. 6, 11 L.R.A. 771 (1891), "The general idea upon which the clause is found is that, when a manufacturing establishment is insured, the risk increases if the operation ceases for a length of time".

The evidence is that appellee temporarily discontinued the production of veneer on June 29, 1959, because of depressed business conditions. The machinery in the insured building remained idle until the fire which occurred on November 19, 1959, a period longer than ninety days. During this time, however, appellee and a secretary-book-keeper continued to work at the office building where appellee also conducted a farming business. There were purchases made of logs for the veneer business. Certain business licenses were obtained and payments were made for insurance, parts and other items of business expense chargeable to the veneer company.

▉▉ Appellant contends that the cessation of the production of veneer in the insured building was such as to cease operations within the meaning of the policy. We are not persuaded that the language of the policy is sufficiently clear to that end, and are of the opinion the evidence presents an issue of fact properly reserved to the jury for decision. In Home Insurance Co. v. North Little Rock Ice & Electric Co., 86 Ark. 538, 111 S.W. 994, 23 L.R.A.,N.S., 1201, suit was brought on a fire insurance policy insuring a described building "occupied as ice factory". The policy contained a condition for forfeiture where the "subject of insurance be a manufacturing establishment * * * if it cease to be operated for more than ten consecutive days". The manufacture of ice was seasonal and discontinued for more than ten days prior to the loss. In construing the policy language the Arkansas court said:

"If it was intended to make the insurance only apply to the building while it was being operated as an ice factory it would have been easy to say 'occupied and operated as an ice factory, and only while so operated.' That would have made the language unambiguous. We are not disposed to construe away the terms of policies, neither are we disposed to give the insurer the benefit of the doubt, where the language is capable of different constructions, since insurance contracts are prepared entirely by the insurer or at its instance, and there is not that mutual consultation as to the use of the terms which obtain in ordinary contracts. Neither can we shut our eyes to the fact that policies of fire insurance are in most instances taken by the insured, without reading, and that they are usually, as in the present instance, filled with provisions, bearing upon all manner of subjects, relating to insurance, some of which may not apply to the then existing case; and that the true application of such provisions is not always clear."

As this court has so often said, insurance policies will be construed most strongly against the insurer. McKee v. Exchange Insurance Association, 270 Ala. 518, 120 So.2d 690; Commercial Standard Insurance Co. v. New Amsterdam Casualty Co., 272 Ala. 357, 131 So.2d 182. This policy being unclear as to what constitutes operations in the insured property, we shall not hold that the clear meaning of the policy provisions was that the actual production of veneer was required to avoid a cessation of operations and thereby relieve the appellant of its liability.

The following are somewhat sustentive of our conclusion: Whitney v. Black River Insurance Co. (1878) 72 N.Y. 117, 28 Am. Rep. 116; Bellevue Roller Mill Co. v. London & L. Fire Insurance Co. (1895) 4 Idaho 307, 39 P. 196; 158 A.L.R. 905, 906; Appleman's Insurance Law & Practice, § 2832, p. 754, et seq.; Lebanon Mutual Insurance Co. v. Leathers, Pa., 8 A. 424, 425; Poss v. Western Assurance Co., 75 Tenn. 704, 707, 40 Am.Rep. 68.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.