Paul **HEMENWAY**

v.

**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA.**

Civ. A. No. 8881.

United States District Court
W. D. Louisiana,
Alexandria Division.

March 4, 1963.

Grove Stafford, Alexandria, La., for plaintiff.

P. A. Bienvenu, New Orleans, La., for defendant.

HUNTER, District Judge.

On or about January 14, 1962, Paul Hemenway's home was badly damaged by water that escaped from one or more pipes which burst because of unusually frigid weather. His home was insured against such a loss by a policy of insurance issued by defendant.

Defendant pegs its case on the proposition that the insured dwelling was "vacant or unoccupied" when the damages were sustained, within the meaning and intent of the words "vacant or unoccupied", as used in Special Exclusion F of the policy:

"F. To plumbing or heating systems or their appliances, or by leakage or overflow from such systems or appliances, caused by freezing while

the described building(s) is vacant or unoccupied, unless the insured shall have exercised due diligence with respect to maintaining heat in the building(s) or unless such systems and appliances had been drained and the water supply shut off during such vacancy or unoccupancy."

As is so often true for knotty problems, the facts here are neither complex nor conflicting. The Hemenway home was constructed some ten years ago at a cost of $78,000. Mr. and Mrs. Hemenway had lived in it for some ten years prior to temporarily departing therefrom on a two-week business trip on January 4, 1962. When the Hemenways left and during the time they were absent, heat was not maintained in the home and the pipes and appliances were not drained, and the water supply was not shut off. During their temporary absence, the pipes burst and severe damage ensued.

■ Precisely, the question is: Is a home vacant or unoccupied when the family is temporarily absent on a ten-day business trip? Defendant says it is. We think it is not.

■ We are governed by Louisiana law. This problem of interpretation has not been presented to Louisiana courts; but the Louisiana Rating and Fire Prevention Bureau [1] defined the terms which concern us here. Plaintiff's Exhibit 4 provides:

### Rule No. 27

### VACANCY, UNOCCUPANCY AND CEASE OPERATIONS

1. Definitions: The terms unoccupancy and vacancy are not synonymous. Unoccupancy means having contents but not dwelt or lived in. Vacancy means without contents. Unoccupancy may exist without vacancy, but vacancy cannot exist without unoccupancy. * * *

■■ Words in an insurance policy are to be construed according to their plain, ordinary, everyday meaning (LSA–Civil Code, art. 14). Weingart v. Delgado, 204 La. 752, 16 So.2d 254; Bouis v. Aetna Casualty & Surety Company, D.C., 91 F.Supp. 954. We feel that the words "vacant and unoccupied" are not ambiguous and that the definitions thereof as contained in plaintiff's Exhibit 4 give to the words their plain meaning in their ordinary sense. That is, *a house is vacant when it has no contents. A house is unoccupied when it has contents but is not dwelt or lived in.* We accept these basic and unsophisticated definitions. Mr. Hemenway's furniture was in his home when he left, was there while he was away on a business trip, was damaged, and was still there in its damaged condition when he came back; so surely, within the accepted definition of the term "vacant", this house was not in that category.

Mr. Hemenway and his wife lived in the house for some ten years prior to his business trip and when they left on this short business trip they intended to return to it and to use it as the family dwelling. This they did. The Hemenways' absence for a short time on a business trip certainly does not mean that the house was not dwelt in or lived in.

■ We find as a fact that the Hemenways were only temporarily absent from their home, and that such absence was not for an unreasonable length of time. We find as a matter of law that the Hemenways' home was not "vacant or unoccupied" at the time the damage was incurred. The bedrock bases of these conclusions are pegged on the proposition that there is no ambiguity and that the plain meaning of the words involved require these conclusions. Besides, the weight of authority in other jurisdictions is to the effect that even though the family is temporarily away for reasons of health, pleasure or business (and that such absence was not for an unreasonable length of time), it would not have been considered vacant or un-

[1] The responsibility of this Bureau is primarily to fix rates on fire and extended coverage policies. Every insurance company licensed and authorized to write fire insurance in Louisiana is a member.

occupied. Moody v. Amazon Insurance Company, 52 Ohio St. 12, 38 N.E. 1011, 26 L.R.A. 313; Young v. Fidelity & Casualty Company, 202 Mo.App. 319, 215 S.W. 496; Republic Insurance Company v. Watson (Tex.Civ.App.), 70 S.W.2d 441; Monarch Insurance Company of Ohio v. Rippy, Okl., 369 P.2d 622. Thirdly, if the words "vacant or unoccupied" are ambiguous we would resort to fundamental rules of interpreting insurance policies which have been handed down by our courts, such as (1) the terms of the policy must be interpreted in the light of common sense; (2) the language of an insurance policy which is susceptible of more than one construction should be interpreted strictly against the insurer and liberally in favor of the insured; (3) that any ambiguity in an insurance contract drafted by the insurer will be resolved in favor of the insured and against the insurer; (4) if the parties intended for the contract to eliminate coverage in those cases where there was temporary absence, it could have so provided by using some reasonable specific term.

Pegged on these fundamental rules of interpreting insurance policies we would resolve that ambiguity in favor of coverage here.

We find that the damage sustained is in the amount of $9,196.68.

Plaintiff makes an additional claim for penalties and attorneys fees under the Louisiana Statute [2], providing that where failure of the insurer to make payment is found to be arbitrary, capricious or without probable cause, the insured is entitled to 12% damages and reasonable attorneys fees. There is not a shadow of doubt in my mind that defendant is liable here, but there is no Louisiana decision on the precise language, and I do think that defendant had a right to at least one judicial interpretation without being subject to penalties.

## CONCLUSION

It is now ordered that there be judgment in favor of plaintiff in the amount of $9,196.68 with interest from date of judicial demand until paid; all costs to be paid by defendant.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this the 4th day of March, 1963.