316 So.2d 177 (1975)
Reverend Morris BURRELL and wife
v.
SEGUROS AMERICA BANAMEX, S.A.
No. 6850.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1975.
Rehearing Denied August 5, 1975.
Writ Refused October 17, 1975.
*178 Joseph Rosenberg, Morris B. Phillips, New Orleans, for plaintiffs-appellees.
Rudolph R. Schoemann, New Orleans, for defendant-appellant.
Before REDMANN, SCHOTT and MORIAL, JJ.
REDMANN, Judge.
As a "condition suspending or restricting insurance," defendant fire insurer's policy provided nonliability "for loss occurring. . . while a described building. . . is vacant or unoccupied beyond a period of sixty consecutive days." The trial court held this standard clause inapplicable to our facts and the insurer appeals.
The case was decided on a stipulation of facts. The building owners' foster daughter had lived in the building with her husband. The husband left the foster daughter, and she shortly thereafter also ceased to reside in the building. However, she left her furniture and most of her clothes there, and visited the building once a week to clean it and exchange clothes, hoping for a reconciliation with her husband. She kept the apartment locked at all times. A fire caused damage (the cost to repair which is also an issue) more than 60 days after the last time anyone had slept in the building.
We agree with the trial judge that an apartment kept furnished and visited weekly is not "vacant or unoccupied beyond a period of sixty consecutive days." The insurer shows that, among insurers, "vacant" and "unoccupied" are not synonomous, although we doubt the ordinary layman would necessarily distinguish between the two words. In any case, the insurer concedes that the apartment "may not have been vacant" because of the furniture and clothes, but argues it was unoccupied.
In our view, at least whenever the daughter was in the apartment to clean it and to exchange clothes, the apartment was occupied in an ordinary sense of the word. We agree with Firemen's Fund Ins. Co. v. Wofford, 1936, 182 Ga. 900, 187 S.E. 76, 78 that "[i]t is not essential that some one sleep in a dwelling to render it occupied."
We also note agreement with Hemenway v. American Cas. Co. of Reading Pa., E.D. La.1936, 215 F.Supp. 103, that in any event "vacant or unoccupied" by traditional rules of construction would be construed in favor of the insured. See also Graves v. M.F.A. Mutual Ins. Co., Mo.App.1969, 446 S.W.2d 154, 47 A.L.R.3d 393, and Annot., 47 A.L.R.3d 398, 465, § 19[a].
We distinguish Terwilliger v. Union Fire, Acc. & Gen. Ins. Co., La.App.1938, 185 So. 43. There the policy defined unoccupied to mean "entirely furnished, but with personal habitants temporarily absent." The court reasoned, in respect to this definition, that weekly visits by one no longer a habitant did not prevent unoccupancy. Our policy does not similarly alter the meaning of unoccupied.
We therefore affirm coverage.
However, we reduce quantum to the amount of the insurer's estimate because the stipulation does not establish that *179 all the repairs included in plaintiffs' estimate were necessary. The two estimates disagree on what work was to be done. For example, plaintiffs' estimate provides for replacing of sheetrock walls and ceiling in living room, two bedrooms, hall, kitchen and bathroom, while defendant's estimate would replace sheetrock only in one bedroom, repair ceiling sheetrock in the kitchen, and merely clean and paint all other sheetrock. Only 20 months before the fire, the local housing improvement authority had listed three pages of defects in the building's four apartments, and only one apartment was thereafter repaired. Under the circumstances we conclude plaintiffs' burden of proving the extent of damage from the fire required some showing beyond the mere presentation of a disputed estimate. Defendant concedes only $2,055 of damage from the fire.
Having thus adopted defendant's suggested quantum, we need not consider whether quantum should have been arbitrated.
The judgment appealed from is amended in principal to $2,055.