This appeal, from defendants' judgments in consolidated personal injury suits, challenges two adverse rulings by the trial Judge:
1. The granting of motions for a directed verdict on behalf of two of the three defendants; and
2. The overruling of plaintiffs' motion to amend the pre-trial order to dissolve the severance of the issues of liability and damages previously ordered pursuant to Rule 42 (b), ARCP. We find no error as to either ruling; therefore, we affirm.
Louis and Ada Coburn sued Martin Supply Company, Johnny Willis, an employee of Martin, and the American Liberty Insurance Company. Mrs. Coburn's suit was based on personal injuries, and Mr. Coburn's suit was for loss of consortium. The Coburns charged Martin Supply and Willis with negligence for allegedly running a stop sign and American Liberty for coverage under an uninsured motorist policy.
The Coburns allege that Ada was a passenger in her automobile going west following another car, the driver of which is still unknown. This unknown driver either stopped or suddenly decreased his speed, causing the driver of the Coburn car to swerve into the eastbound lane to avoid collision. Consequently, a Martin Supply Company truck, driven by Willis, collided with the Coburn car. Because the Coburns could never determine the owner of the car in front, they sued their own insurer, American Liberty Insurance Company, under their uninsured motorist clause.
Following several pre-trial conferences, and because of the multiplicity of the parties and issues, the trial Judge, pursuant to Rule 42 (b), ordered a severance of the issues of liability and damages — the question of liability as to all three defendants to be tried first. At the close of the evidence, the trial Judge granted a motion for a directed verdict in favor of Martin Supply and Willis.
After this motion was granted, the Coburns asked the trial Judge to strike his pre-trial severance order and allow them to prove damages in their case against American Liberty. The Court overruled their motion and sent the case to the jury on the question of liability only. The jury returned a verdict in favor of American Liberty.
 The Directed Verdict Issue
Counsel for the Coburns, in support of his contention that the trial Court erred in directing verdicts for Martin and Willis, "admits that evidence against these Defendants [Martin and Willis] was weak." He contends, however, that, "in light of the Alabama Scintilla Rule, a jury question was made against these Defendants"; and he directs our attention specifically to Mrs. Coburn's testimony.
We have carefully studied all of the evidence touching the plaintiffs' claim of negligence on behalf of Martin Supply and Willis. The most favorable testimony, from which any possible inference of liability against these two defendants can be drawn, is that of Mrs. Coburn. The strongest tendencies of her testimony is to the effect that she saw the Martin Supply Truck approaching (from her left, traveling north) Highway 157 and County Line Road intersection; that Highway 157, on which she was traveling west, is a thoroughfare, guarded by a stop sign on County Line Road; that she does not remember whether the Martin Supply truck stopped before turning right (east) on Highway 157, and that, although she didn't see the truck turn, she saw it coming (traveling east) from the intersection.
In light of the uncontradicted evidence that the Coburn car, in an effort to avoid collision with the vehicle to its front, skidded suddenly across the center line into the immediate path of the Martin Supply truck, we agree with the trial Judge that motions for directed verdicts on behalf of Martin and Willis were due to be granted. *Page 719 
Whether tested by the substantial evidence rule or the scintilla evidence rule, the record reveals no evidence from which the jury could reasonably infer that Mrs. Coburn's injuries were proximately caused by the negligence of Martin Supply's driver, Willis.
To be sure, the trial Court must exercise extreme caution not to usurp the fact finding function of the jury; but it is the office of a directed verdict motion (Rule 50 (a)) to test the sufficiency of the opponent's evidence. And where, as here, the strongest tendencies of all the evidence fall short of raising a reasonable inference of the movant's alleged liability, the motion is due to be granted; or, stated another way, at the close of all the evidence, there was nothing presented with respect to the claimed negligence of Martin Supply's employee, Willis, on which the jury, as reasonable persons, may disagree.
 The Severance Issue
Next, the Coburns contend that the trial Judge committed error in not striking his pre-trial severance order after granting the remaining defendants' motion for directed verdicts. The need for severance, they say, was no longer present because the reason for severance in the first instance — multiplicity of parties and issues — no longer exist.
The Coburns urge us to adopt the position that it is error for the trial Judge to sever the issues of liability and damages in a simple negligence case. This we cannot do. The propriety of the trial Court's order of severance in the first instance (i.e., before trial) cannot be seriously questioned. As stated in Wright Miller's treatise on Procedure, "Separation of issues of liability from those relating to damages is an obvious use for Rule 42 (b)." Wright Miller,Federal Practice and Procedure, § 2390.
The joinder of a tort claim against two defendants and a contract claim against American Liberty, with varying measures of damages applicable to each claim, virtually mandated resort to the severance procedure of Rule 42 (b).
Once the severed issue of liability proceeded to the close of the evidence as to all three defendants, the request to strike the earlier order of severance, and permit plaintiffs to reopen the trial to include the issue of damages, addressed itself to the sound discretion of the trial Court. The trial Judge was in position to evaluate, within the posture of the case, the matter of trial convenience and to shape the order of trial; and, in the context here presented, we find no abuse of discretion in the trial Court's refusal to amend its pre-trial order.
A word of caution in conclusion: Nothing contained in this opinion should be construed as approving the separation of the issues of liability and damages in personal injury cases as a matter of routine. Ordinarily, these issues are not to be separated for purposes of trial; and any speculative savings of time and expense, which may result from routine bifurcation of jury negligence trials, does not constitute sufficient grounds for exercise of the severance prerogatives of Rule 42 (b). Within the spirit of Rule 42 (b), separation of issues of liability from those relating to damages, while authorized, is to be ordered sparingly and in those rare and exceptional cases of which the instant case should serve as an example. See Advisory Committee notes to the 1966 amendment to Rule 42 (b),39 F.R.D. 113. See, also, Bowen v. Manuel, 144 So.2d 341, 343
(Fla.App. 1962); and Iley v. Hughes, 158 Tex. 362,311 S.W.2d 648 (1958). For a good discussion of the distinction between severance of actions and separate trials, see Key v. Robert M.Duke Insurance Agency, Ala., 340 So.2d 781 [1976].
AFFIRMED.
BLOODWORTH, ALMON, EMBRY and BEATTY, JJ., concur. *Page 720