358 So.2d 737 (1978)
NATIONAL SECURITY FIRE AND CASUALTY COMPANY, a corporation
v.
Richard Lee JAMES.
Civ. 1296.
Court of Civil Appeals of Alabama.
February 15, 1978.
Rehearing Denied March 22, 1978.
*738 M. Dale Marsh and Joe C. Cassady, of Cassady, Fuller & Marsh, Enterprise, for appellant.
G. A. Lindsey, Elba, for appellee.
WRIGHT, Presiding Judge.
Defendant appeals from the denial of his motion for a directed verdict and a motion for judgment notwithstanding the verdict. We reverse.
Plaintiff brought suit upon a fire insurance policy. As a defense the defendant claimed the policy void under a provision contained therein as follows:
"Unless otherwise provided in writing added hereto this company shall not be liable for loss occurring . . . (b) while a described building, whether intended for occupancy by owner or tenant is vacant or unoccupied beyond a period of sixty consecutive days."
The building described in the policy was a "dwelling, tenant occupied."
The only witness presented at trial was the insured. His testimony was that he purchased the insured property from his grandmother who originally purchased the policy. Upon her death, he had the policy endorsed to himself. The property was last lived in by another grandmother, who subsequently moved across the street. For some ten months prior to the fire on August 23, 1974, the insured property had been used by the insured and his father as a storage place for materials being used to remodel the house across the street, for storing furniture during the remodeling and for storing unused furniture and parts belonging to the insured. All utilities had been disconnected at the time his grandmother moved out in October, 1973. There was no stove or refrigerator in the house. No one had slept in the house since the grandmother moved. Perhaps his children had slept there a night or two at some time that he did not recall. He lived next door and was often in the house in relation to its use for storage. A few days prior to the fire, most of the stored furniture had been removed to the remodeled house across the street. At the time of the fire there remained in the house some beds, dishes and other things packed up in boxes.
At the close of plaintiff's case, defendant moved for directed verdict on the ground that the evidence showed that the house was unoccupied for more than 60 days prior to the fire. The motion was denied and the case was submitted to the jury. Verdict was for plaintiff with damages assessed at $5,000 with interest.
The issue presented is whether in view of the evidence, the court correctly denied defendant's motion for directed verdict.
Provisions in a fire insurance policy on a dwelling suspending coverage if the *739 dwelling becomes vacant or unoccupied beyond a period of sixty days is a valid condition. Trinity Universal Ins. Co. v. Wills, 273 Ala. 648, 143 So.2d 846 (1962). The meaning of terms "vacant" or "unoccupied" in the policy is a question of law for the court. Whether at the time of the fire the dwelling is "vacant or unoccupied" as those conditions are defined by the court is a question of fact for the jury. Continental Ins. Co. v. Dunning, 249 Ky. 234, 60 S.W.2d 577 (1933). However, if the evidence and its strongest tendencies when viewed most favorably for the plaintiff falls short of raising a reasonable inference toward fulfilling the definition given by the court, defendant's motion for directed verdict should be given. Coburn v. American Liberty Ins. Co., 341 So.2d 717 (Ala.1977).
We consider that the trial court correctly defined "vacant" and "unoccupied" in relation to a dwelling as those terms are commonly accepted in the insurance industry and by the general public. Those definitions are: "vacant" means empty, without inanimate objects, containing nothing. "Unoccupied" means without occupants, animate objects; a dwelling is unoccupied when it has ceased to be used as a place of abode or residence by people. 47 A.L.R.3d 398; 43 Am.Jur.2d "Insurance", §§ 947, 955. 29 Words & Phrases, "occupancy," "occupied dwelling." Our careful consideration of the testimony of the insured plaintiff himself requires the legal conclusion that the insured property was "unoccupied" at the time of the fire and had been "unoccupied" as a dwelling for some ten months prior to the fire. Whether the evidence, with all reasonable inferences possible to be drawn therefrom, fails to present a question of fact for the consideration of the jury is a question of law for the reviewing court upon appeal from denial of a motion for directed verdict. Delchamps, Inc. v. Stewart, 47 Ala.App. 406, 255 So.2d 586, cert. denied, 287 Ala. 729, 255 So.2d 592 (1971).
REVERSED AND REMANDED.
BRADLEY J., concurs.
HOLMES, J., dissents.
HOLMES, Judge (dissenting).
I respectfully dissent. To say this an extremely difficult and "close" case would be an understatement.
In any event, my view of the evidence in pertinent part reveals the following:
Plaintiff was the only witness in the case. He testified that the house in question had been the home of his grandmother, who moved out of it in October, 1973, about ten months prior to the fire. Electricity and water were cut off at that time. Plaintiff's home was about thirty feet from the insured premises and they were separated by a driveway. The house was used for storage of various items, and all types of furniture were kept there while the new home of the grandmother was being remodeled. No one lived in the house during this period but plaintiff was in and out of the house "as much as three times a week" and "sometimes every day." Several times plaintiff's children spent the night there but he could not remember the dates.
At the outset, I note that in dealing with a contract of insurance, it is to be construed most strongly against the party who framed it. Tyler v. Insurance Co. of North America, Ala., 331 So.2d 641 (1976). I would further note that, to me, there is no question but the insured building is in fact a dwelling; the only question is whether the dwelling is occupied or unoccupied.
Whether at the time of the fire, the dwelling, in this instance was "unoccupied" as those conditions are defined by the court, is to me a question of fact for the jury. See Continental Ins. Co. v. Dunning, 249 Ky. 234, 60 S.W.2d 577 (1933).
One may occupy premises and yet those premises may not be his place of abode. See Bledsoe v. Farm Bureau Mut. Ins. Co., 341 S.W.2d 626 (Mo.App. 1960).
For a case analogous to the instant appeal, see Burrell v. Seguros America Banamex, S. A., 316 So.2d 177 (La.App.), cert. denied, 320 So.2d 561 (La.1975).
The above cases, to me, reveal that the facts of this appeal present a question of *740 fact for the trier of fact to resolve. The jury resolved the matter in favor of the plaintiff and we should not substitute our judgment for theirs.
If the insurance company desired a more restrictive clause than that expressed in the policy relating to occupied versus unoccupied, the policy should have been so phrased. Drummond v. Hartford Fire Ins. Co., 343 S.W.2d 84 (Mo.App.1960); Limbaugh v. Columbia Ins. Co. of New York, 368 S.W.2d 921 (Mo.App.1963).
I would affirm the verdict of the jury and the judgment of the trial court.