I respectfully dissent. To say this an extremely difficult and "close" case would be an understatement.
In any event, my view of the evidence in pertinent part reveals the following:
Plaintiff was the only witness in the case. He testified that the house in question had been the home of his grandmother, who moved out of it in October, 1973, about ten months prior to the fire. Electricity and water were cut off at that time. Plaintiff's home was about thirty feet from the insured premises and they were separated by a driveway. The house was used for storage of various items, and all types of furniture were kept there while the new home of the grandmother was being remodeled. No one lived in the house during this period but plaintiff was in and out of the house "as much as three times a week" and "sometimes every day." Several times plaintiff's children spent the night there but he could not remember the dates.
At the outset, I note that in dealing with a contract of insurance, it is to be construed most strongly against the party who framed it. Tyler v. Insurance Co. of North America, Ala., 331 So.2d 641 (1976). I would further note that, to me, there is no question but the insured building is in fact a dwelling; the only question is whether the dwelling is occupied or unoccupied.
Whether at the time of the fire, the dwelling, in this instance was "unoccupied" as those conditions are defined by the court, is to me a question of fact for the jury. SeeContinental Ins. Co. v. Dunning, 249 Ky. 234, 60 S.W.2d 577
(1933).
One may occupy premises and yet those premises may not be his place of abode. See Bledsoe v. Farm Bureau Mut. Ins. Co.,341 S.W.2d 626 (Mo.App. 1960).
For a case analogous to the instant appeal, see Burrell v.Seguros America Banamex, S.A., 316 So.2d 177 (La.App.), cert.denied, 320 So.2d 561 (La. 1975).
The above cases, to me, reveal that the facts of this appeal present a question of *Page 740 
fact for the trier of fact to resolve. The jury resolved the matter in favor of the plaintiff and we should not substitute our judgment for theirs.
If the insurance company desired a more restrictive clause than that expressed in the policy relating to occupied versus unoccupied, the policy should have been so phrased. Drummond v.Hartford Fire Ins. Co., 343 S.W.2d 84 (Mo.App. 1960); Limbaughv. Columbia Ins. Co. of New York, 368 S.W.2d 921 (Mo.App. 1963).
I would affirm the verdict of the jury and the judgment of the trial court.