372 So.2d 592 (1979)
Quincy L. BOYETTE, Plaintiff-Appellant,
v.
UNDERWRITERS AT LLOYD'S LONDON et al., Defendant-Appellee.
No. 6938.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
*593 Long & Peters, Jimmie C. Peters, Jena, for plaintiff-appellant.
Bolen & Erwin, James A. Bolen, Jr., Alexandria, for defendant-appellee.
Before WATSON, SWIFT and STOKER, JJ.
SWIFT, Judge.
The plaintiff has appealed from a judgment sustaining the defendant's motion for summary judgment and a peremptory exception of no right of action. We affirm.
The suit was brought by Quincy L. Boyette for benefits under a fire insurance policy covering a frame dwelling in Tullos, Louisiana, that was destroyed by fire on July 23, 1977. The defense was based on the following clause in the policy:
"Vacancy and/or Unoccupancy Clause:
With the exception of a schedule of buildings having more than ten (10) items it is warranted that the premises described in this policy or in any form or endorsement attached thereto is OCCUPIED. Vacancy or unoccupancy of said premises renders this policy null and void (this warranty supersedes any language to the contrary contained herein)."
Such a clause is required in all fire insurance policies issued in this state and is governed by the following provision of LSA-R.S. 22:691 wherein the standard fire policy is set forth:
"Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring:

* * * * * *
"(b) While a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond period of sixty consecutive days;"
The undisputed facts disclosed by the depositions filed in the record are that the plaintiff-owner had rented the house to his daughter and son-in-law, but they moved out from two to three months before the fire.[1] No one lived on the premises after they left. The plaintiff subsequently agreed to rent the house to his oldest son for his use as a family dwelling. On the day before the fire the son mowed the grass and he and his wife cleaned the house to some extent. They also moved therein some items of furniture and a few of their clothes. The utilities were not turned on. The son went to work offshore that evening or the next day and his wife and two children continued to reside with her mother. They intended to complete the move on his return. The house was consumed by fire before any further steps were taken in this connection. No other persons occupied the house in any manner during such period.
The plaintiff contends that the trial judge erred in finding that the insured premises were unoccupied for more than sixty days prior to the loss in view of the preparatory steps taken by his son and wife and their intention to actually move in on *594 his return from offshore employment, particularly because the above quoted policy clause is ambiguous and must be strictly construed against the insurer. We do not agree.
As pointed out above, this clause is in the insurance policy involved in this case because the law requires it. Consequently, the rule of strict construction of the policy against the insurer has no application. P. O. P. Construction Company v. State Farm Fire and Casualty Company, 328 So.2d 105 (La.1976); Buccola v. National Fire Insurance Company of Hartford, Conn., 18 La. App. 353, 137 So. 346 (Orl.1931); Romero v. Maryland Casualty Company, 54 So.2d 645 (La.App.Orl.1951); Kugler v. Philadelphia Fire and Marine Insurance Co., D.C., 105 F.Supp. 158, aff. 204 F.2d 297 (5 Cir. 1953), cert. denied 346 U.S. 873, 74 S.Ct. 122, 98 L.Ed. 381.
Nor do we think the policy clause and statutory provisions are ambiguous. We agree with the trial judge that:
"In the policy in question, `vacancy' means empty, that is empty of goods and property of the insured while `unoccupied' means the absence of or lack of regular habitation by humans."
See Appleman Insurance Law and Practice, 4A § 2833.
In Terwilliger v. Union Fire, Accident and General Insurance Company, 185 So. 43 (La.App.Orl.1938), although the terms "vacant" and "unoccupied" were defined in this manner in the policy, the court made the following comment as to the meaning of "unoccupied":
"The condition of the contract hereinabove set forth is free from ambiguity and clearly defines the term "unoccupied" as meaning "a dwelling that is entirely furnished, but with personal habitants temporarily absent." The courts of this country have on numerous occasions construed similar occupancy clauses in fire insurance contracts and it has been universally held that a dwelling is not in a state of occupancy unless there is in it the presence of human beings using the same as their customary place of abode." [Authorities omitted.]
We therefore conclude that the policy was violated by reason of the premises being unoccupied for more than sixty (60) consecutive days and the trial judge correctly sustained the motion for summary judgment. In view of this conclusion it is unnecessary to consider the trial court's ruling on the exception of no right of action.
We realize that our decision may be considered as contrary to Burrell v. Seguros American Banamex, S. A., 316 So.2d 177 (La.App. 4 Cir. 1975). However, we must respectfully disagree with the position expressed therein that such a statutory insurance clause must be construed in favor of the insured. Also in that case the facts were somewhat different from those with which we are presented.
For these reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the appellant.
AFFIRMED.
STOKER, J., dissents and assigns reasons.
STOKER, Judge, dissenting.
With respect I dissent from the majority opinion which grants defendant's motion for summary judgment and exception of no cause of action. Factually, I am of the opinion that the present case is close to Burrell v. Seguros American Banamex, S. A., 316 So.2d 177 (La.App. 4th Cir. 1975), writ refused 320 So.2d 561 (La.1975). Defendants concede that plaintiff's son and family "had begun to move back into the insured house" at the time that it burned but rely on the fact that the move had not been completed, and prior to the beginning of the move the house had not been lived in for sixty days. The deposition testimony of the son was that he had not moved all of his effects but had moved into the house a refrigerator, a stove, a couch and chairs, a stereo and TV and his bed. Other items, including some clothes, were also moved into the house. It is apparently a fact that considerable other effects had not been moved.
The Burrell case holds that it is not essential for anyone to sleep in a house in order *595 that it be occupied in the context of fire insurance clauses such as we are involved with here.
In addition to the above, even if it may technically be determined that the premises were vacant or unoccupied as contemplated by the policy and LSA-R.S. 22:691, there has been no compliance with the following section of Title 22, LSA-R.S. 22:692. Under that section, a fire insurer may not void a policy for certain breaches "unless such breach (1) shall exist at the time of the loss, and be either such a breach as would increase either the moral or physical hazard under the policy." In Terwilliger v. Union Fire, Accident and General Insurance Company, 185 So. 43 (La.App.Orl.1938), relied upon by the majority, the court did consider this statute and made a finding that the risk or hazard had been increased. The Terwilliger case also approved an earlier holding by it to the effect that "`the insurer must show that a breach of the warranty or condition in this respect did in fact increase the moral (or physical) hazard.'"
It might well be that a trial of this case would have shown that the activities of plaintiff son and daughter-in-law in cleaning the yard and moving certain furniture and personal effects into plaintiff's house actually decreased the risk of hazards covered by the policy.
For the foregoing reasons I respectfully dissent.
NOTES
[1] The plaintiff has not questioned that such period was in excess of sixty consecutive days. It is therefore obvious that there is no dispute in this regard.