WRIGHT, Presiding Judge.
This is a suit on an insurance policy.
James R. Dennis filed suit in Chilton County District Court against Blue Cross and Blue Shield of Alabama (Blue Cross) alleging that Blue Cross had refused to pay certain benefits due under a hospitalization policy issued to him by Blue Cross through his employer Burgess Mining Co. The benefits were for the September 20, 1976, hospitalization of his wife, Linda S. Dennis.
Blue Cross denied the allegations of the complaint and alleged as a defense that the September 20, 1976, hospitalization was excluded from coverage by the terms of the policy.
The Chilton County District Court found in favor of Blue Cross, and Dennis appealed to Chilton County Circuit Court.
The case was tried before a jury on August 27, 1979. The jury returned a verdict in favor of Dennis in the amount of $846.00. Blue Cross’ motion for judgment N.O.V. or for New Trial was denied by operation of Rule 59.1, ARCP, and Blue Cross appeals.
Blue Cross submits the trial court erred in failing to grant its motion for Judgment N.O.V. or for New Trial because the evidence conclusively shows that Mrs. Dennis’ hospitalization was excluded from coverage by the terms of the policy.
*132 Blue Cross relies upon the “Pre-existing Conditions” clause which states:
C. PRE-EXISTING CONDITIONS— Benefits hereunder shall not be available to any Member for any condition, disease, disorder or ailment, congenital or otherwise, either (i) which existed on or before the Effective Date of such Member’s coverage hereunder, whether then manifested or known in any way or not, or (ii) for which medical or surgical treatment, advice, or diagnosis has been rendered or received within one year prior to such Effective Date, unless and until such Member shall have been covered by this Contract and/or another Blue Cross hospital service contract for a period of nine (9) consecutive months immediately preceding the date of the commencement of the hospitalization. .
The evidence shows that Dennis and his wife had been covered by various Blue Cross hospitalization policies since 1963. In 1976 they had coverage under a policy offered by Blue Cross to employees of the Chilton County Commission where Mrs. Dennis was employed. In June 1976 the Dennises decided to terminate coverage under this plan and apply for coverage through Mr. Dennis’ new employer, Burgess Mining Company.
Mrs. Dennis terminated coverage through the Commission and no premiums were paid for coverage beyond June 10, 1976. On June 24,1976, Mr. Dennis applied for coverage through Burgess Mining Company. The application was approved and coverage became effective on July 20, 1976.
On September 20, 1976, Mrs. Dennis was hospitalized for evaluation of numerous complaints including aches, increased fatigue and muscle weakness, and a skin rash. The hospital records in evidence indicate that Mrs. Dennis was hospitalized to “rule out dermatomyositis,” a condition characterized by these symptoms. Dermatomyosi-tis is accompanied by malignancy in fifty percent of the adults who suffer from it. The tests proved negative and Mrs. Dennis was released. Dennis filed a claim for benefits under the Burgess group policy. Blue Cross denied the claim and Dennis filed suit.
Dennis contends that the pre-existing conditions clause does not apply because he and his wife had been covered by Blue Cross hospitalization policies for more than nine consecutive months prior to her hospitalization. He argues that the transactions in June and July 1976 were a transfer of coverage from a policy issued through the Chilton County Commission to one issued through Burgess Mining Company. The evidence does not support this argument.
Mrs. Dennis asked that the coverage through the Chilton County Commission be terminated in early June 1976. The coverage continued until the next premium due date on June 10, 1976. No further premiums were paid by the Commission or Mrs. Dennis and the coverage terminated on that date.
Mr. Dennis applied for coverage under the Burgess Mining Company plan on June 24,1976. His application was received by Blue Cross on July 14, 1976, and the coverage became effective on the next premium due date, July 20,1976. The Dennis-es were not covered by any Blue Cross policy for the forty-day period between June 10,1976, and July 20,1976. Thus they were not covered for nine consecutive months prior to Mrs. Dennis’ hospitalization in September 1976 and the pre-existing conditions clause would apply.
The question then is whether the condition for which Mrs. Dennis was hospitalized in September 1976 existed on or prior to July 20, 1976. It is uncontradicted that Mrs. Dennis suffered from the same symptoms for which she was subsequently hospitalized as early as May 1976. She so informed her physician and received treatment for the skin rash in May. There was expert testimony that the skin rash is one of the distinguishing symptoms of dermato-myositis. While it was determined that Mrs. Dennis did not suffer from dermato-myositis, it is uncontroverted that she was hospitalized to rule out the presence of this disease. The condition, whatever its cause, *133 for which she was hospitalized, clearly existed prior to July 20, 1976. Such hospitalization was excluded from coverage by operation of the pre-existing conditions clause.
Where a contract of insurance is clear and unambiguous, it is the duty of the court to apply its terms as written. Colonial Life & Accident Insurance Co. v. Collins, 280 Ala. 373, 194 So.2d 532 (1967). It is also the duty of the court to determine whether the evidence at trial presents a question for the jury and whether the evidence supports the conclusion reached. National Security Fire and Casualty Co. v. James, 358 So.2d 737 (Ala.Civ.App.1978). Under the state of the record, the September 20, 1976, hospitalization of Mrs. Dennis was clearly excluded by the pre-existing conditions clause relied upon by Blue Cross and the trial court erred in overruling Blue Cross’ motion for Judgment N.O.V. The judgment below is reversed and remanded for entry of judgment in favor of the defendant Blue Cross-Blue Shield of Alabama notwithstanding the verdict.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.