ROBERT A. CHAISSON, Judge.
I ¡¡This is an appeal by Zenobia Doucette, plaintiff-appellant, from a summary judgment dismissing with prejudice her claims against Louisiana Citizens Property Insurance Corporation (Citizens), defendant-ap-pellee, in this home insurance action. For the following reasons, we affirm that judgment.
FACTS AND PROCEDURAL HISTORY
The facts are that Citizens had in effect a homeowner’s insurance policy for a house which Ms. Doucette owned. Ms. Doucette’s aunt had lived in the house for a number of years, but sometime around November, 2008, she moved out so that major repairs could be made. The house remained fully furnished while the repairs were being done. Ms. Doucette testified in deposition and by affidavit that although no one was actually living in the house, she and other family members regularly went there to perform maintenance on the house and grounds. She stated Rthat her mother lived across the street from the property and checked on it daily. She further testified that she told her insurance agent about the situation at the house.
On April 1, 2010, a burglary took place at the house. It appears that the burglars entered the garage, broke into the attic space, and then dropped down into the house through a ceiling. Electrical wiring was apparently damaged in the break-in, and although the meter was still installed, Ms. Doucette said that no electricity was coming into the house.
On May 28, 2010, Ms. Doucette was at the house cleaning and doing some touch-up painting. Because there were no functioning lights, she set a Tiki lamp on a table to provide light. When she went into another room to get supplies she was startled by a large rat. She fled the room and apparently knocked over a ladder, which in *1238 turn knocked the Tiki lamp to the floor where it ignited an open container of paint thinner. The house was severely damaged in the ensuing fire.
Ms. Doucette made a claim for the damage with Citizens. Citizens noted that the policy at issue excluded damages to the property if it had been vacant or unoccupied for more than 60 days. Because Citizens concluded that no one had lived in the house since Ms. Doucette’s aunt had moved out in November of 2008, it denied coverage. Ms. Doucette sued Citizens on the policy, and Citizens urged a motion for summary judgment. That motion was granted, and this appeal followed.
LAW AND ANALYSIS
The law as to summary judgments involving insurance coverage was well summarized in Smith v. Reliance Ins. Co. of Illinois, 01-888 (La.App. 5 Cir. 1/15/02), 807 So.2d 1010, as follows:
|4Summary judgment shall be rendered if there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The burden of proof on a motion for summary judgment is on the movant to establish that no material factual issues exist. La. C.C.P. art. 966(C)(2); Schroeder v. Board of Supervisors of La. State Univ., 591 So.2d 342, 345 (La.1991). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979). Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Westerfield v. LaFleur, 493 So.2d 600, 605 (La.1986). An insurer seeking to avoid coverage through summary judgment must prove that some exclusion applies to preclude coverage. Jackson v. Frisard, 96-0547 (La.App. 1st Cir.12/20/96), 685 So.2d 622, 629, writs denied, 97-0193 and 97-0201 (La.3/14/97), 689 So.2d 1386 and 1387. Appellate review of summary judgment is de novo, utilizing the same criteria that guide the trial court’s grant of the judgment. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152.
The pertinent portion of the insurance policy at issue here is taken directly from the “form of the standard fire insurance policy of the state of Louisiana” which appears at La. R.S. 22:1311(F). That form states in part:
Conditions suspending or restricting insurance — Unless otherwise provided in writing added hereto, this company shall not be liable for loss occurring:
[[Image here]]
(b) While a described building, whether intended for occupancy by owner or tenant, is vacant, or unoccupied beyond a period of sixty consecutive days.
It is this clause upon which Citizens based its decision to deny coverage for the fire, and upon which the trial judge evidently relied in granting summary judgment in the insurer’s favor.[1]
Ms. Doucette urges that there are disputes as to material facts in three areas of inquiry essential to resolution of the suit, *1239 and that granting the motion for summary judgment was thus improper. First, she argues that there are factual | squestions as to whether the house was vacant or unoccupied for sixty days; second, she claims that there are questions about whether any actions taken by her actually increased the moral or physical hazards which the policy insured against; and third, she asserts that Citizens, through its agents, knew that her aunt was not living in the house, and it therefore acquiesced in this situation.
Ms. Doucette contends that the fact that her aunt’s furniture was left on the premises, and her family’s frequent visits to the house to perform maintenance, were sufficient to establish that the house was not vacant or unoccupied for a period of sixty consecutive days. Citizens does not assert that the house was “vacant,” and admits that that term denotes a house which is empty of the goods and property of the insured. It does assert, however, that the house was “unoccupied” because no one was regularly inhabiting the premises.
In Terwilliger v. Union Fire, Accident, and General Insurance Company, 185 So. 43 (La.App.Orl.1938), the owner of a house had not lived in it for over three months. He testified that he would return to the house once or twice a week, that he occasionally spent the night there, and that he had his neighbor keep an eye on the place. The court found that these intermittent visits did not constitute ‘occupancy,’ and that there was no longer coverage under the policy. It also quoted what it considered the leading case on the subject, Herrman v. Adriatic Fire Ins. Co., 85 N.Y. 162, 39 Am.Rep. 644 (1881), as follows: “for a dwelling-house to be in a state of occupation, there must be in it the presence of human beings at their customary place of abode, not absolutely and uninterruptedly continuous, but that must be the place of usual return and habitual stoppage.” Ter-williger, supra., at 44.
Boyette v. Underwriters at Lloyd’s London, 372 So.2d 592 (La.App. 3rd Cir.1979), is another case similar to the present matter. There, the insured house had | nbeen vacant for several months, but a few days before a fire the owner’s son cut the grass and moved some furniture and clothes into the building preparatory to moving in with his wife and children. He then went to work offshore and his wife and children continued to live with her parents. No utilities were turned on. The court ruled that under these facts, the house was ‘unoccupied’ for more than sixty days, and summary judgment under the policy was appropriate. In its reasoning, the court quoted with approval the district court judge’s observation that “[i]n the policy in question, ‘vacancy’ means empty, that is empty of goods and property of the insured while ‘unoccupied’ means the absence of or lack of regular habitation by humans.” (at 594).
In the present case, it is undisputed that the house was unoccupied. Although the owner did regular maintenance and had her mother visit the property, no one was living there on any regular basis. We therefore find that the clause in the policy excluding coverage for a building unoccupied for more than sixty days was properly invoked by the insurer to deny coverage. We are aware of Burrell v. Seguros America Banamex, S.A., 316 So.2d 177 (La.App. 4th Cir.1975), but to the extent that that case would suggest a different result here, we decline to follow it.
Appellant’s second and third arguments involve application of La. R.S. 22:1314(A & B). Section A provides that no breach of an insurance contract shall allow an insurer to avoid liability unless the breach increases the ‘physical hazard’ *1240 under the policy. Here, it is undisputed that the house was burglarized two months before the fire, and that during that burglary the electrical system was damaged in a way that prevented power from coming into the building from the meter. Had the house been occupied, this condition would no doubt have been remedied immediately. Instead, the owner resorted to lighting an open flamed Tiki lamp to |7provide light to the interior of the house. This is precisely the kind of hazard that would not have developed had the house been occupied and the power restored. This breach of the occupancy clause clearly increased the hazard of fire, and the insurer was thus absolved of liability.
Section B of the above statute provides that where the insurer or its agents are aware of the breach prior to the time of the loss, it may not avoid liability because of the breach. Ms. Doucette stated in her affidavit that she had mentioned to her insurance agent that her aunt was not living in the house prior to the fire. Sharon Green, her agent, filed an affidavit denying that she or any of her employees had ever been told of this situation. Although there is a dispute on this point, that dispute is irrelevant. There is no assertion or evidence to establish that Ms. Green is an agent for Citizens. In the summary judgment context, the party not bearing the burden of proof need only point out to the court that there is a lack of evidence to support an essential element of the other party’s claim; at that point, the non-moving party must come forward with evidence to show that she will be able to meet that burden. La. C.C.P. art. 966(C)(2). No such evidence was produced by Ms. Doucette, and summary judgment was properly entered.
For the foregoing reasons, the summary judgment in favor of Louisiana Citizens Property Insurance Corporation dismissing with prejudice the claims of Zenobia Doucette against it is hereby affirmed.

AFFIRMED

. Although there are no written reasons for judgment, the trial judge indicated at the hearing on the motion for summary judgment that he agreed with the position advanced by counsel for Citizens.